By the court.
Perhaps the widow would be a competent witness in a common case. But the true objection against her testimony appears to us to be the subject matter of it. On principles of general convenience, it would be highly dangerous to admit evidence of this kind to impeach the titles of vendees under sheriff’s sales. If declarations of the debtor, that he had sold the lands to another, could be brought forward in this way to overreach a judgment against him, no one would ever purchase at a sheriff’s sale, and every cre'ditor would be at the justice, if not-mercy of his debtor. If there has been a bona fide sale by Martin Miller previous to the judgment, let it be shewn by the written agreement or conveyance. Should they have been lost, prove them by copies, or give their contents to the jury by parol evidence. No inconveniences can result from this better mode of proof; but it is of the utmost importance to the community, that in disputes like the present,, which unfortunately have become too frequent, that the rules of law should be rigidly adhered to; and therefore we feel ourselves constrained to overrule the deposition.'
The lands in question having been bought at a very inadequate price 61. 15s., (owing to an idea which prevailed at the *306 sheriff’s sale, that they belonged to the family of Digges, under a Maryland patent) though they were proved to be really worth between 7I. and 81. per acre, the cause was accommodated by the recommendation of the court; and the counsel agreed, that a verdict should be given for the plaintiff for 69 acres, with stay of execution until the 25th March next, and until the sum of 120I. should be paid by the lessor of the plaintiff to the defendants.
Cited in 91 Pa., 27, in support of the decision that the declarations of a debtor, that his wife owned land, sold on a judgment against the debtor, are not evidence to impeach'the title of the vendee at the sheriff’s sale.
Messrs. Ingersoll, 'Hamilton and Bowie, pro quer.
Messrs. Hartley, Duncan and C. Smith, pro def.