# Wall et al. *versus* Staley.

The declarations of a debtor, that his wife owned land, sold on a judgment against the debtor, are not evidence to impeach the title of the vendee at the sheriff's sale.

May 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT JJ.

Error to the Court of Common Pleas of *Lancaster county :* Of May Term 1879, No. 33.

Ejectment by John Staley against George Wall and William Wisner, for a lot of ground in the city of Lancaster.

The defendants claimed the lot by virtue of a sheriff's deed, in pursuance of a sale upon a judgment obtained by them against Cyrus Staley. The plaintiff claimed that he had bought said lot and received a deed therefor from his mother, the wife of said Cyrus Staley, and that she had purchased said lot with her own money from one George Miller. The deed from Miller to Mrs. Staley it was alleged was lost, and evidence was given of its contents. At the trial before Livingston, P. J., the plaintiff offered to prove by one Herr, that witness went to Cyrus Staley to purchase the property, and that Staley declined to consider the offer, on the ground that his wife owned it. The court, under objection, admitted the evidence.

The defendants submitted the following point, to which is appended the answer of the court: "That as the plaintiff has shown no title out of either the Commonwealth or Proprietaries of Pennsylvania, he cannot recover."

Ans. "Both parties having, by the evidence, traced the ownership and title of this property in dispute back to Drepperd and George Miller, and both claiming under and through them (plaintiff claiming that Miller sold and conveyed the property to Mrs. Staley, and defendant claiming that Miller sold and conveyed it to Cyrus Staley, as whose property they purchased it at sheriff's sale), the plaintiff was not bound to go beyond that, or trace the title further back. If there be adverse title in the Commonwealth, or in a third person, it is incumbent on the defendants to show its existence to enable them to take advantage of it."

[Wall *v.* Staley.]

The verdict was for plaintiff, and after judgment, defendants took this writ and assigned for error the answer to the above point, and the admission of the foreging evidence.

*George Nauman* and *Philip D. Baker*, for plaintiffs in error.— The court erred in the answer to the point. The defendants bought the lot as Cyrus Staley's; he said it was his, his wife said it was his, and the son alleged that he bought it for wages earned in minority, knowing it was levied on as his father's. It would hardly seem possible that the declarations of an insolvent husband, about to be sold out, that his property belongs to his wife, are admissible in evidence as declarations against interest, and this court, in Baker *v.* Miller, 1 Yeates 305, decided that the declarations of a debtor that he had sold his land, could not be given in evidence against the sheriff's vendee to overreach a judgment obtained against him and a consequent sale.

*Wm. Aug. Atlee* and *Benjamin F. Davis*, for defendant in error.—Where both plaintiff and defendant claim under the same right, the plaintiff is not bound to trace back his title beyond the person holding that right: Riddle *v.* Murphy, 7 S. & R. 230; Patton *v.* Goldsborough, 9 Id. 47; Turner *v.* Reynolds, 11 Harris 199; Clark *v.* Trindle, 2 P. F. Smith 492. The testimony of Herr was not offered to rebut any of the testimony offered by the defendants, or to establish the truthfulness of Cyrus Staley. It was offered as a self-disserving declaration of defendants' alleged privity in estate, and could not be given until after the defendants claimed title through him. As such it was clearly evidence, and properly admitted by the court.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6th 1879.

On May 6th 1835 the lot was conveyed by Drepperd to George Miller. The evidence was ample to satisfy a jury that Miller took and held actual possession till June 13th 1866, when he conveyed the lot to Cyrus Staley, or his wife; and, had the question been submitted, doubtless the jury would have found that he had a good title under the Statute of Limitations. Without attempting to rebut the plaintiff's evidence of Miller's title, or to show that he had transferred it to Staley, the defendants rested upon their sheriff's deed as sufficient for their possession against anyone who failed to show title in himself. To rebut the plaintiff's testimony that Miller made a deed to Ann Staley, they proved the declarations of both Staley and his wife that the title was in him. These declarations do not set forth the contents of a deed, but it may well be inferred therefrom that Staley held title derived from Miller. It is manifest that the defendants did not purpose to prove what

[Wall v. Staley.]

title Staley had, and they neither claimed nor asserted that Miller had conveyed to him. The record fails to show, by admission or otherwise, that they claimed the property in dispute under and through Drepperd and Miller; nor did they give written evidence of title back of Staley; nor did they assent, but excepted, to the instruction that they claimed under and traced their title back to Miller. At most the court could have submitted the oral testimony to the jury. In view of the evidence it was clearly right to refuse the defendants' point; for the jury would likely have found that the plaintiff had a good title; perhaps, also, would have found that defendants held by title derived from Miller, had these questions been submitted with proper instructions. Indeed the proofs are so strong that it is not surprising, in the haste of a trial, the court answered as they did. We cannot but regard the first assignment as merely technical; nevertheless it is the defendants' right to insist upon it.

The plaintiff was permitted to prove that in 1875 Cyrus Staley declined to consider an offer to purchase the lot, on the ground that his wife owned it. A general rule is, that admissions of a grantor, prejudicial to himself, while in possession, are competent evidence against those who claim under him: Alden v. Grove, 6 Harris 377. If it be conceded that Staley was in possession in 1875, and stands as the grantor of defendants, yet he was then a debtor, owing the defendants, who have since purchased the lot in collecting the debt. The rule has its exceptions. "On principles of general convenience, it would be highly dangerous to admit evidence of this kind to impeach the titles of vendees under sheriff's sales. If declarations of the debtor, that he had sold the land to another, could be brought forward in this way to overreach a judgment against him, no one would ever purchase at a sheriff's sale, and every creditor would be at the justice, if not mercy of his debtor:" Baker v. Miller, 1 Yeates 305. This language has stronger emphasis when applied to a debtor's declarations that his wife owned the land. Now that husband and wife can be witnesses for each other, and parties for themselves, the principle held in a case where the debtor declared he had assigned to a stranger, should be applied with greater strictness where it is proposed to prove that the debtor said the land he occupied belonged to his wife. Where the wife claims the property against her husband's creditors, she must establish her title by other proof than his declarations of her ownership, made at a time when the debts were threatening.

Judgment reversed, and *venire facias de novo* awarded.