## Douglass's Estate

*A. M. Shumaker,* for exceptants; *Martin & Martin,* contra.

HILDEBRAND, P. J., January 30, 1932.—The auditor has awarded to Ellen A. Douglass all the moneys remaining for distribution after paying the costs. The Huber Manufacturing Company has filed exceptions to the auditor's report and contends that the amount for distribution should have been awarded to it. The matter of the exceptions has been submitted on brief and without oral argument.

Benjamin Douglass died February 3, 1899. By his will dated September 24, 1898, he bequeathed $1000 to his son, Robert W. Douglass. On May 2, 1898, Robert W. Douglass assigned to his wife, Ellen A. Douglass, the claimant, all his right, title and interest in expectancy in the estate of his father, Benjamin Douglass, which, on the death of the said father, might come to him, the said Robert W. Douglass, either by the will of his father or by virtue of the intestate

laws. On the same day, Ellen A. Douglass and Robert W. Douglass executed and delivered to William Kile a mortgage for $700 on the property of Ellen A. Douglass. At the time of the assignment and the giving of the mortgage, the Huber Manufacturing Company held two judgments against Robert W. Douglass, one for $185, with interest from August 1, 1895, and the other for $180, with interest from the same date. At the same time, Robert W. Douglass was further indebted to the Huber Manufacturing Company in the sum of $231.35, with interest from September 1, 1897. A judgment was entered on the latter claim on April 24, 1899. On June 5, 1899, the Huber Manufacturing Company, by attachment execution, attached the legacy of Robert W. Douglass in the hands of the executor of the will of Benjamin Douglass, deceased. Writs of sci. fa. were issued on the several judgments of the Huber Manufacturing Company against Robert W. Douglass to December Term, 1907. Judgments aggregating $1472.75 were entered thereon on April 18, 1931. The legacy of $1000 was paid into court on March 5, 1923. On May 9, 1931, on motion of the Huber Manufacturing Company, Harry H. Frank was appointed auditor to make distribution of said sum of $1000. In the proceedings before the auditor no oral testimony was presented, each claimant relying entirely upon the record evidence above recited.

The auditor properly held that, while at common law an heir expectant, having no interest in his ancestor's estate, cannot assign or transfer his expectancy during the lifetime of his ancestor, such sale or transfer may be sustained in courts of equity whenever good conscience seems to require it and when founded upon a valuable consideration. In the absence of evidence of fraud, the auditor concluded that the assignment of the legacy, with the recitals of the assignment, together with the mortgage of the same date, conclusively established the right of Ellen A. Douglass to the fund for distribution. In this we have concluded there was error.

Whether the assignment of his expectancy by Robert W. Douglass to Ellen A. Douglass, his wife, is good in equity must depend upon the bona fides of the transaction and the adequacy of the consideration: Lennig's Estate, 182 Pa. 485. These are not to be presumed, but must be shown by the evidence. The burden of proof rests upon the assignee, even though she be not the wife of the assignor: Kuhns's Estate, 163 Pa. 438, 442.

Ellen A. Douglass, the claimant here, is the wife of Robert W. Douglass, whose creditor, the Huber Manufacturing Company, seeks to enforce collection of its claim from the legacy as the property of Robert W. Douglass. The bona fides of the claim of the Huber Manufacturing Company cannot be questioned. As an attaching creditor of Robert W. Douglass, it is prima facie entitled to the fund. At common law the husband and wife were considered as one person. The law early recognized the ease with which creditors of the husband might be defeated by connivance between the husband and the wife. While the law permits a husband, for an honest purpose and to secure and pay a just debt due from him to his wife, to make a valid transfer of his property to her with like effect as to any other creditor, such transfers will be carefully scrutinized and the indebtedness must be clearly established. "The evidence must be clear and satisfactory—clear and full proof—clear and unequivocal—it must exclude reasonable suspicion that the property was the husband's:" Earl et al. v. Champion, 65 Pa. 191, 194; Guernsey v. Froude, 13 Pa. Superior Ct. 405, 411; Tripner et al. v. Abrahams et al., 47 Pa. 220, 229.

The claimant, Ellen A. Douglass, did not offer herself as a witness. Neither did she call her husband, Robert W. Douglass, or William Kile. She did not account for her failure to call them.

From the recitals of the assignment of the expectancy, the auditor has found that on May 2, 1898, Robert W. Douglass was indebted to William Kile in the sum of $700, and that the consideration for the assignment was the mortgage placed by the claimant, Ellen A. Douglass, on her real estate to secure the payment of the debt of $700 owed by Robert W. Douglass to William Kile. We are of the opinion that these recitals were not competent evidence to prove the facts found by the auditor, for the reason that the Huber Manufacturing Company was not a party to the assignment.

"Recitals and statements contained in a writing to which the person against whom it is offered is a party are competent evidence against him as admissions of the facts therein recited, even though the writing is not the basis of the action. But they are not evidence against third persons who are strangers to the writing:" Henry on Trial Evidence, 2nd ed., page 96.

The recitals in the assignment are merely the declarations of the claimant's debtor husband. How can his declarations, oral or written, made in the absence of his creditor, affect that creditor? As was said in Wall et al. *v.* Staley, 91 Pa. 27, 29: "Where the wife claims the property against her husband's creditors, she must establish her title by other proof than his declarations of her ownership made at a time when the debts were threatening." To hold otherwise would open wide the door to fraud upon creditors. If merely by writings signed by the husband and delivered to the wife, a transfer of a husband's property may be effected so as to defeat the claim of honest creditors without subjecting the parties to cross-examination and to the penalties for false swearing, the position of the creditor of a married man will indeed become precarious.

Ellen A. Douglass has wholly failed to show that the assignment was for a valuable consideration and that in good conscience it should be sustained. The bona fides of the transfer to her has not been shown by clear, satisfactory and unequivocal evidence. She has, therefore, failed to establish her right to the fund and it should be awarded to the other claimant, the Huber Manufacturing Company, the attaching creditor.

If, however, the recitals of the assignment are to be accepted as true and to be regarded as competent evidence of the facts there stated, there remains a barrier to the claim of Ellen A. Douglass. The assignment recites that the mortgage given to William Kile by her was to "secure the payment of a debt which I [Robert W. Douglass] owe William Kile." An endorsement on the mortgage shows payment in full on or before January 3, 1907. The endorsement does not disclose who made payment and no evidence was offered on this point. The debt being that of Robert W. Douglass, the presumption arises that it was paid by him, he being primarily liable and neither the assignment nor the mortgage showing any release of him by his creditor, William Kile. If this be true, it can hardly be said that good conscience demands that, although the wife is no worse off financially than before the giving of the mortgage, she shall be permitted to take the legacy as against the husband's creditor.

## Order

Now, January 30, 1932, exceptions Nos. 1, 2, 4 and 5 filed by the Huber Manufacturing Company are severally sustained and the amount for distribution, to wit, $897.20, is now awarded to the Huber Manufacturing Company instead of to Ellen A. Douglass, and distribution is ordered to be made in accordance with the auditor's report as herein modified.

From William McElwee, Jr., New Castle, Pa.