# Musser *versus* Gardner.

1. In a suit by husband and wife the court allowed the husband's name to be stricken off. *Held*, that the presumption was that there was enough before the court to justify it.

2. It was not error to allow such amendment without an affidavit.

3. Personal property belonged to a wife and was sold by her husband; on the question whether she had given it to him, his declarations that it was hers were evidence.

4. A husband sold personal property of his wife, she brought replevin, he was not a party, and she was competent to testify for herself under the Act of April 15th 1869.

5. On the question whether personal property of a wife on a farm of which she had the title had become the husband's, the court charged: "If you find the real estate to have been exclusively hers at the time of the marriage, and also the personal property upon the farm, the presumption is that it continued hers." *Held* to be correct.

6. Rush *v.* Vought, 5 P. F. Smith 437, approved.

[Musser *v.* Gardner.]

October 22d 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Clarion county* : No. 24, to October and November Term 1870.

William Gardner and Ellen his wife in her right, brought an action of replevin May 22d 1867, against John Musser, for one mare, one horse, one cow, one wagon and one set of harness, of the value of $300.   The defendant pleaded " property."   The allegation was that the property, which had been sold by the husband to the defendant, belonged to the wife.

On the trial, December 9th 1869, before Campbell, P. J., the plaintiff, without proof or affidavit, was allowed to amend by striking the husband's name from the record, and a bill of exceptions was sealed.

The court, also under exception, admitted a decree of September 7th 1867, making the plaintiff a *feme sole* trader.   She gave in evidence a deed, dated March 28th 1842, to her by her unmarried name, Ellen Patton, for 115 acres of land.   She had married Gardner sixteen or seventeen years previously; then owned a cow and calf and money at interest, eight or ten sheep and household furniture; when any one sued Gardner he said he did not own anything.   She proved the purchase by defendant from Gardner of the articles replevied and that the plaintiff claimed them as his.   Gardner was not then living with his wife.   The plaintiff offered to prove declarations of Gardner that the property belonged to his wife.   The evidence was admitted against the defendant's objection and a bill of exceptions sealed.   There was evidence that the wagon was bought by Gardner and paid for by wood cut on the plaintiff's place; that Gardner brought nothing when he was married; that the plaintiff owned what was on the place.

The plaintiff offered to testify, she was objected to, admitted and a bill of exceptions sealed.

She testified that Gardner owned nothing when she married him; she owned the stock on the farm when he came there; also that some was raised on her farm, and by various changes and trades (some by Gardner), the property replevied was hers; she also testified as to his desertion of her.   There was evidence also that a warrant had been out to arrest Gardner, and that he could not be found.

There was evidence for the defendant for the purpose of showing that the plaintiff had authorized Gardner to sell her personal property; of declarations by her that it belonged to him; that he farmed the place, &c.

The defendant submitted these points :—

1. The fact that Ellen Gardner was the owner of the farm, on which she and her husband resided, and on which the property

[Musser *v.* Gardner.]

included in the writ in this case was used and part of it was fed from hay, grain or straw raised thereon, does not relieve the plaintiff from proving, by clear and satisfactory evidence, that such property was hers by purchase, with individual money, or by increase from property so acquired.

2. If the plaintiff allowed her husband to use some of the proceeds of said farm, with money, or other assets of his own, to purchase property in his own right, and for himself, such property would belong to the husband, in the absence of clear and satisfactory evidence that such property was wholly paid for, by money or property belonging to said plaintiff in her individual right, not derived from her husband or the proceeds of her own labor.

6. If the jury believe from the evidence that the plaintiff allowed her husband to manage and cultivate the farm, and with the surplus proceeds to acquire property in his own right, and after the acquisition of such property acknowledged such title by acts and declarations, such title in the husband would be good, and would be supported in law as a gift; and if the property embraced in this writ was of such property, plaintiff cannot recover.

The court, after some preliminary remarks, charged :—

* * *  " In short, did he, with her consent, manage and use the farm and the products of it, as his own, for a period of fifteen or twenty years ?   In that event he would have such an ownership of the personal property, and such right to sell it, as would throw the burden of proof on the wife to show by clear and satisfactory evidence that the property in controversy was her individual and separate property ; and, as thus explained, we answer the defendant's 1st point in the affirmative.   If he merely did work on the farm under his wife's management and control, as above stated, he would not have a title to the property, and could not sell it to the injury of his wife ; and as thus explained, we answer the plaintiff's 2d point in the affirmative.   If, with the assent of the wife, the husband, in managing the farm or purchasing property mingled funds of his own with the products of the farm and made such purchase in his own name and for himself, such accumulations would belong to him in the absence of clear, satisfactory evidence that it was paid for by money and property wholly belonging to her ; and this answers the defendant's 2d point in the affirmative. * * * We answer the defendant's 6th point that the wife has power to make a gift of personal property to her husband ; but, to establish a gift, there should be some positive evidence to that effect.   If the personal property was hers, the merely allowing him to use or sell it would not establish a gift. If she gave the property in dispute to her husband, and he had it, used and sold it as his own, it may make out a gift and vest the property in him. * * * [We have this to say to you : if you find the real estate to have been exclusively hers at the time of

[Musser v. Gardner.]

the marriage, and also the personal property upon the farm, the presumption is that it continued hers.] In such a case it lies on one who asserts it to be the property of the husband to prove a transmission of the title, either by gift or contract, for value; the mere possession by the husband amounts to nothing; it is slight evidence of a gift when the possession is with her consent. But when she tells that the property is the husband's, when all sales are made by the husband, and in some instances by her directions, and the farm and the proceeds of it sold and disposed of by him in his own name through a series of years, she is not at liberty, without notice, to avoid such sales made by him. If she holds out her husband as the owner; if she says it is his, refuses to sell because it is his, or in his absence, and permits him to sell in his own name and receive the money, persons dealing have a right to treat him as she does herself—as the owner. But she may still show that particular property is her own, and not her husband's, and in that case the husband cannot sell it; but she must show this by clear and satisfactory evidence, as above stated."

The verdict was for the plaintiff for $102.95.

The defendant took out a writ of error. He assigned for error :—

1. Allowing the amendment.

2. Admitting the decree declaring plaintiff a *feme sole* trader.

3. Admitting the declarations of the husband that the plaintiff owned the property.

5. Admitting the wife to testify.

6, 7 and 8. The answers to the points.

9. The part of the charge in brackets.

*W. L. Corbett* (with whom was *J. T. Hindman*), for plaintiff in error.—The husband's declarations were not evidence: Parvin *v.* Campbell, 9 Wright 89; Gamber *v.* Gamber, 6 Harris 363; Bachman *v.* Killinger, 5 P. F. Smith 414; Grabill *v.* Moyer, 9 Wright 530. The plaintiff was bound to prove by satisfactory evidence that the property was hers: Winter *v.* Walter, 1 Wright 161; Rhoads *v.* Gordon, 2 Id. 277; Keeney *v.* Good, 9 Harris 349; Walker *v.* Reamy, 12 Casey 410; Bradford's Appeal, 5 Id. 513; Flick *v.* Devries, 14 Wright 266. The circumstances here implied a gift to the husband: Hinney *v.* Phillips, 14 Wright 382; McGlinsey's Appeal, 14 S. & R. 64; Tower *v.* Hagner, 3 Whart. 48; Magee *v.* Ingersoll, 7 Barr 204.

*B. J. Reid* (with whom was *J. H. Patrick*), for defendant in error.—The plaintiff could sue separately under Act of April 1856, § 3, Pamph. L. 315, Purd. 702, pl. 29; Rangler *v.* Hummel, 1 Wright 130; Black *v.* Tricker, 9 P. F. Smith 19. As to husband's declarations, 1 Greenl. Ev. §§ 189, 190; Gibblehouse

[Musser *v.* Gardner.]

*v.* Strong, 3 Rawle 439; Bergy's Appeal, 10 P. F. Smith 417. As to plaintiff's competency, Act of April 15th 1869, § 1, Pamph. L. 30 Purd. 1566, pt. 1; Thomas *v.* Maddan, 14 Wright 264. As to proof of gift, Hinney *v.* Phillips, Grabill *v.* Moyer, *supra;* Johnson *v.* Johnson, 7 Casey 450; Weiman *v.* Anderson, 6 Wright 311; Rush *v.* Vought, 5 P. F. Smith 437.

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—There is nothing in the first and second assignments of error which needs discussion. We are to presume there was sufficient before the court to justify it in allowing the amendment of the records by striking out the name of William Gardner as a plaintiff. It was proper that it should be so done. Mrs. Gardner, the meritorious plaintiff, was entitled to sue in her own name, for her own property, as she had been declared by a decree of the court, made more than two years before, to be a feme sole trader, according to Act of Assembly, by reason of her husband's desertion. Even without this, she could have maintained her action without joining her husband, under the 3d section of the Act of 11th April, 1856, because of the desertion and neglect of maintenance by him: Black *v.* Tricker, 9 P. F. Smith 13. This abundantly appears in the testimony. He was a vagrant and fugitive from justice long before and at the time of trial. It would have been folly, therefore, on part of the plaintiff, to permit his name to remain as a party plaintiff on record, and thus enable him to steal back and relieve or satisfy the judgment she might receive and pocket the proceeds. The court saw the position and properly allowed the amendment. If it was right to allow the amendment, it was not error to do so in the absence of an affidavit of mistake: Rangler *v.* Hummell, 1 Wright 130; Wilson *v.* Mechanics' Bank, 9 Id. 497. These assignments of error are not sustained.

2. Nor was there error in sustaining the offer of Gardner's declarations that he was not the owner of the property, and that it belonged to his wife. If it was his, it must have become so by gift of the wife or such a permissive use of it as that ownership might be presumed. His declarations that he was not owner was important proof to negative the idea of a gift or transmission of title by his wife to him in any way. This was manifestly quite a different thing from attempting to invest a wife with title by the husband's declarations. The case of Bachman *v.* Killinger, 5 P. F. Smith 414, sustains the ruling of the court below on this question, instead of the contrary, as the counsel for plaintiff in error seems to have supposed. Nor do the cases of Parven *v.* Capewell, 9 Wright 89; Walker *v.* Reamy, 12 Casey 410, or Gamber *v.* Gamber, 6 Harris 363, at all impugn the accuracy of the learned judge in admitting the evidence. They establish the

[Musser *v.* Gardner.]

inadmissibility of a husband's declarations to vest title in a wife of property formerly his own as against creditors.    Here the declarations were consistent with the state of the title, and essentially denied the ownership of it by gift or contract from the wife, or that he had acquired it by any labor or management of the farm of his wife.    This was important testimony, bearing on his subsequent attempted transfer to the defendant and others.    I see not how the defendants could object to his acts and declarations before sale.    But this, even if doubtful, was cured by the defendant resorting to declarations the other way throughout his whole case. It seems to me the admission or declarations of the husband in this peculiar case, where the title of the farm was well known to be in the plaintiff and the personal property presumably so, is fully sustained by the law : 1 Greenl. Ev. § 190 ; Gibblehouse *v.* Strong, 3 R. 437 ; Johnston *v.* Johnston's Admrs., 7 Casey 450, Bergy's Appeal, 10 P. F. Smith 408.

3.  The matter of the 4th assignment is unintelligible, as it appears in the paper-book of the plaintiff in error, and we cannot notice it.    We are not allowed to conjecture in order to help the record, and without we might so indulge, we can make nothing of this error.    It is, therefore, not sustained.

4.  We think it was not error to admit the plaintiff to testify in her own case under the Act of Assembly.    She was on record as a *feme sole*, so far as the right of action was concerned, and her testimony went only to sustain title to the property in question. The husband was no party, and that he might possibly be called on at some time or other to answer on an implied warranty of title to the property he had sold and now claimed by the wife, was too remote and contingent to bring her within the prohibition of the statute from testifying against her husband.    In fact, a decision in this issue in her favor would by no means be necessarily conclusive in a contest between her husband and the defendant on the implied warranty.    Peradventure it might be shown in that action that the plaintiff took upon himself the risk of the title— that the plaintiff was properly a witness under the Act of Assembly.

5.  In the answers of the court to the plaintiff's and defendant's points, and that portion of the general charge, we discover no error ; certainly none of which the defendant below had any right to complain.    The answer to the defendant's first point, which is assigned for error, we think was as favorable to him as he had any right to expect.    It was left to the jury to say, under the evidence, whether the management of the plaintiff's farm had been such, and so long continued as to raise a presumption of ownership, or a right to sell the personal property on it.    They were, therefore, at liberty to find for the defendant if they found either contingency in the affirmative.    The case of Rush *v.* Vought, 5

[Musser *v.* Gardner.]

P. F. Smith 437, is in many respects similar to this. There the proceeds of the wife's farm, resulting from the joint labor of the husband and his children, was attempted to be seized by the husband's creditors, and the principles governing such relation is thus stated by my brother Agnew, in delivering the opinion of the court: "The ownership of the farm carries with it at law and in equity," says the opinion, "the right to its products. No change can take place in the title to the fruits of the soil without the owner parts with his title or possession, or permits its cultivation for the benefit of another. But the labor of others for the owner, though mingling in the production, creates no title to the products. * * * It matters not, therefore, whether the labor, when thus rendered, be that of the husband or another; without a contract for the products of cultivation by the husband for himself, it confers no title to the usufruct." This is a legal as well as a rational view of the relation, and in this case the question was left, in accordance therewith, to the jury, to say from the evidence, whether any contract existed or facts from which one might be inferred, that the wife had yielded the possession of the farm, indisputably hers, to be cultivated and managed for the benefit of the husband. Nothing more could have been asked, and, as the jury found these facts against the defendant, it settled the want of authority in him to sell the property in question, also, unmistakably, the product or earnings of the farm, against the defendant, and, we think, justly so. There was no departure from these principles in the answers of the court to the plaintiff's points, or in that portion of the general charge assigned for error. The judgment is therefore affirmed.