## Pleasanton *versus* Nutt.

In an action of replevin, by a married woman against her husband's vendee of the goods replevied, the plaintiff was permitted to testify that the
title was in her, as a gift from her husband before the sale to the defendant. *Held*, (*a*) That she was not a competent witness, as she was testifying against the interest of her husband, who, though he was not a
party to the record, might, through her testimony, become liable for a
breach of his implied warranty of title in the sale of the goods, sold as
his own, to the defendant. (*b*) That the husband was not a competent
witness to testify that he and not the wife owned the goods at the time
he sold them to the defendant, by the same rule which made the wife
an incompetent witness

January 24th, 1887. Before MERCUR, C. J., GORDON,
PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J.,
absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county:* Of July Term, 1886, No. 137.

Replevin for certain goods and chattels of the value of $935
by Angelina Nutt against Gertrude Pleasanton. The sheriff
returned that he had replevied some of the articles named in
the writ, and *eloigned* as to the remainder. Pleas:

1. Property as to all and singular the goods replevied as per

[Pleasanton v. Nutt.]

sheriff's return to the writ in this cause, and *non cepit* as to all goods *eloigned* as per said return to said writ.

2. That the said plaintiff ought not to have or maintain her aforesaid action against her, the said defendant, because she says that the following goods and chattels in the said declaration mentioned (naming them) were the property of Emeline E. Smith, and not of the said plaintiff as by said declaration is supposed.

3. That said plaintiff ought not to have or maintain her action because she says that the following goods and chattels, in the said declaration mentioned (naming them), were the property of her, the said defendant, by purchase by her from one Alexander W. Nutt, who was, at the time of said purchase, the husband of said plaintiff, and the lawful owner of said goods and chattels, and not of her, the said plaintiff, as by said declaration is supposed.

4. That all and singular the goods and chattels in said declaration mentioned (except those specified in the above third plea) she did not take, or any or either of them, or any part thereof.

5. That the said plaintiff ought not to have or maintain her said action against her, because she says that the said plaintiff, before and at the time of the commencement of this suit, was, and still is, a *feme-covert*, and married to one Alexander W. Nutt, then and yet her husband, who is still living, to wit, at the county aforesaid, and this she is ready to verify. Wherefore, because the said Alexander W. Nutt is not named in said writ and declaration in this behalf, she prays judgment.

To the fifth plea, the plaintiff demurred because, 1. the said plaintiff is under no disability to maintain the said suit in her own name. 2. It is not necessary that the said husband of the said plaintiff should be joined in the said suit. Demurrer sustained. (First assignment of error.)

The following facts appeared on the trial before MITCHELL, J.:

In 1876, the plaintiff and her husband broke up housekeeping, and have never lived together since that time. The husband retained possession of certain articles of furniture, which, it is admitted, he purchased with his own money, and used to furnish the rooms which he occupied in Baltimore, and afterwards in Philadelphia. Being about to remove from Philadelphia, in November, 1883, he sold certain articles to the defendant, who paid him the sum of $165 therefor.

Sometime afterwards, his wife issued a writ of replevin, without joining her husband, claiming these as hers.

To substantiate her claim, attorney for plaintiff called her as a witness, who when sworn upon her *voir dire*, answered as follows:

I am the wife of Alexander W. Nutt, and am the plaintiff

in this case. Objected to. Objection overruled and witness sworn. Exception for defendant. (Second assignment.)

The defendant then called Alexander W. Nutt to contradict the evidence of the plaintiff that he had given any of said articles to her, and, to prove that he was the sole owner of them, and had, as such, sold them to said defendant and received the cash consideration therefor, and that the same had been at the time and for years, in his sole and exclusive possession.

The counsel for the plaintiff objected to the testimony of the said Alexander W. Nutt upon the ground that he is the husband of Angelina A. Nutt, the plaintiff, and that a husband was not a competent witness against his wife in the action.

The court sustained the objection and the counsel for the defendant excepted. (Third assignment of error.)

Verdict for the plaintiff in the sum of $850, and judgment thereon, whereupon the defendant took this writ and filed the above assignment of error.

*John J. Ridgway* and *F. Carroll Brewster*, for plaintiff in error.—Any interest in the suit, which, before the Act of 1869, would have rendered husband or wife incompetent for one side, is sufficient to render the other incompetent for the other side : Miller on Competency of Evidence, 96 ; Gross *v.* Reddig, 9 Wr., 406 ; Boyle *v.* Haughey, 10 Phila., 98 ; Pringle *v.* Pringle, 9 P. F. S., 281 ; McCauley *v.* Cook, 13 W. N. C., 453.

The gift of the property to Mrs. Nutt by her husband, being unaccompanied by delivery, was subsequently revoked : Campbell's Est., 7 Barr., 100 ; Withers *v.* Weaver, 10 Id., 391 ; Kidder *v.* Kidder, 9 Casey, 268 ; Trough's Est., 25 P. F. S., 115.

*Thomas J. Diehl*, for defendant in error.—In the case of Sheidle *v.* Weishlee, 16 P. S. R., 138, the judge in the court below said, when a similar point was raised, " At all events, with our present view of the law, we are not disposed to turn the woman out of court on a mere matter of form. If the Supreme Court shall feel bound to do so, we are prepared to obey their direction." But the court affirmed that judgment.

And it has always been held, since the Act of 1848, that a wife may bring suit to recover property belonging to her, in her own name : Cumming's Appeal, 1 Jones, 272 ; Goodyear *v.* Rambaugh, 1 Harris, 480.

Whenever the wife is interested, the husband cannot be a witness : Pringle *v.* Pringle, 59 Pa. St., 228 ; Snyder *v.* Snyder, 6. Binn., 483 ; McComb *v.* Dillo, 5 S. & R., 304 ; Yeager *v.* Weaver, 64 Pa. St., 427.

Mr. Justice STERRETT delivered the opinion of the court, February 7th, 1887.

In one of her special pleas, defendant below averred that certain specified articles of furniture, etc., in controversy, were her property, purchased by her from Alexander W. Nutt, who at the time of said purchase was the husband of plaintiff below and the then lawful owner of said property. Without denying the purchase as alleged in the plea, plaintiff replied that said furniture was not at said time etc., the property of said Alexander W. Nutt, but was the property of said plaintiff, as in her declaration mentioned. One of the issues of fact thus raised by the pleadings was whether the furniture in controversy was the property of plaintiff or that of her husband, at the time he sold the same to defendant below.

To maintain the issue on her part, plaintiff was called as a witness, and under objection and exception testified in substance that her husband, Alexander W. Nutt, purchased the furniture and gave it to her. It is alleged there was error in thus permitting her to testify; and we think there was. She was incompetent to thus prove title in herself, because in so doing she was testifying against the interest of her husband. While he was not a party to the record, he was nevertheless interested in the result, in that his wife's testimony, to the effect that the furniture was not his but hers, at the time he sold it to defendant below, tended to make him liable for breach of his implied warranty of title in the sale of the furniture as his own. The Act of 1869, declaring " that no interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding," contains the proviso that it " shall not alter the law as now declared and practiced in the courts of this Commonwealth so as to allow husband and wife to testify against each other." If she had testified without objection, and in the course of her examination her incompetency had been disclosed, defendant would have had the right to demand that her testimony be stricken out; but, being advised of her incompetency to testify against her husband, by the pleadings, it was his duty to object, as he did, in limine. The court therefore erred in permitting plaintiff below to testify, and hence the second specification is sustained.

The husband of Mrs. Nutt was not a competent witness to testify that he and not his wife owned the furniture at the time he sold it to defendant below, and hence he was rightly excluded by the rule which should have prevented his wife from testifying in support of the issue of fact presented by the pleading.

Plaintiff in error was not prejudiced by the ruling com-

plained of in the first specification, and hence she has no just reason to complain.

> Judgment reversed and a *venire facias de novo* awarded.