## Sayler, Appellant, *v.* Walter.

*Evidence—Husband and wife—Witness—Separate property.*

In an action brought to recover damages for an alleged tortious conversion of personal property, the mere fact that the plaintiff admits in his preliminary examination that both he and his wife, who is not a party to the suit, claim the property in dispute, does not disqualify him to testify on his own behalf and in support of his claim of exclusive ownership of the goods.

In such a case the plaintiff does not become disqualified because the defendant subsequently and in the development of his own case, testifies that he took the chattels by direction of the plaintiff's wife who claimed to be the owner of them. The plaintiff should be permitted to testify subject to the power of the court to take such action regarding his testimony as the facts subsequently developed in the trial might warrant.

In the enactment of sec. 4 of the Act of June 8, 1893, P. L. 344, the legislature did not have in view a proceeding in which only husband or wife was a party and in which no judgment or decree could be entered that could be pleaded as res adjudicata in a subsequent controversy between them involving the same subject-matter.

Argued Dec. 6, 1905. Appeal, No. 146, Oct. T., 1905, by plaintiff, from judgment of C. P. Northampton Co., Sept. T., 1904, No. 46, on verdict for defendant in case of Eugene Sayler *v.* Albert H. Walter. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for wrongful conversion of cattle. Before SCHUYLER, P. J.

At the trial the plaintiff was called :

Mr. Lehr, counsel for the defendant: We object to the testimony of Mr. Sayler for the reason that this is a question about

the ownership of these goods, as between Mr. Sayler and his wife. Albert Walter was the agent for his wife to take these goods away at the time and she claimed the goods.

The Court: You may examine him.

Witness sworn and examined on cross-examination.

Mr. Lehr: " Q. You are the plaintiff in this case? A. Yes, sir. Q. In your action brought you claim for damages for taking away two cows? A. I claimed my cows. Q. You claim damages for taking away of two cows? A. Yes, sir. Q. And also for some interest in a sideboard? A. Yes, sir. Q. And your wife also claims these goods? A. Yes, sir. Q. Who is Albert H. Walter, was he the agent of your wife in taking away these goods? A. That is more than I can tell. Q. The wife at the time claimed these goods to be hers? A. Well, I claimed them too. Q. It was a question between you and your wife? A. I bought them and paid for them."

Mr. Lehr: I ask at this time to file the following plea:

The defendant by F. H. Lehr, his attorney, puts in the special plea that the goods for which damages are claimed in this case belong to Catharine Sayler, wife of the plaintiff.

Mr. Smith : I propose to plead surprise.

Mr. Smith : I propose to show by the testimony of W. E. Sayler, witness on the stand, that he is the owner or was the owner of two cows and one heifer on October 11, 1902, at the time that the defendant took away the two cows and one heifer, and that at that time W. E. Sayler, the witness on the stand and the plaintiff in this case, was the husband of Catharine Sayler, that Catharine Sayler had deserted him without cause and was living separate and apart from W. F. Sayler, the witness on the stand and the plaintiff in this case, and is now living separate and apart from him without cause.

Mr. Lehr: The defendant answers by saying that the goods mentioned, that is, the two cows and calf are claimed by Catharine Sayler, the wife of the plaintiff, who also claims to own other property claimed by the plaintiff, and claimed the same at the time they were taken.

The Court: It may be that you are entitled to a continuance on the plea of surprise. The plea has been entered and you ask to have the case continued on the plea of surprise. I think we will have to continue the case.

Mr. Lehr: The defendant moves to withdraw the foregoing plea.

The Court: Allowed. Let the trial proceed. The objection is sustained so far as the competency of this witness is concerned and a bill sealed for the plaintiff. [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*Calvin F. Smith*, for appellant, cited: Norbeck v. Davis, 157 Pa. 399.

*F. H. Lehr*, for appellee, cited: Norbeck v. Davis, 157 Pa. 399; Pleasanton v. Nutt, 115 Pa. 266; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398; Bornstein v. Jacobs, 45 Legal Int. 14.

OPINION BY RICE, P. J., March 12, 1906:

This was an action of trover and conversion begun before a justice of the peace and brought into the common pleas by appeal from his judgment. On the trial in the common pleas the plaintiff offered to testify in his own behalf, but objection being made to his competency, and being examined upon his voir dire by the defendant's counsel, he admitted that his wife also claimed the ownership of the chattels. Thereupon the defendant put in the special plea that the goods for which damages were claimed belonged to the plaintiff's wife. The plaintiff then pleaded surprise, and also offered to show by his own testimony, in addition to his ownership, that at the time of the trial, as well as at the time of the alleged conversion of the chattels by the defendant, the plaintiff's wife had deserted and was living separate and apart from him, without cause. Upon the court suggesting that the plaintiff would be entitled to a continuance on the plea of surprise, the defendant withdrew the special plea of ownership in the plaintiff's wife, and thereupon the court sustained the objection to the competency of the plaintiff as a witness. It will be seen from the foregoing recital that at the time this ruling was made the pleadings did not show that any right, interest or claim of the plaintiff's wife in the chattels was either directly, remotely or contingently involved in the issue. As the case then stood upon the record, in-

dependently of the admission above referred to, the plaintiff was
a competent witness.   Did the mere fact, which he admitted in
his preliminary examination, that he and his wife each claimed
the ownership of the chattels in severalty, make him incompe-
tent to testify in support of his claim of exclusive ownership in
an action brought by him against a third party to recover dam-
ages for an alleged tortious conversion?   We hold that it did
not.   In the first place she was not a party to the issue on trial.
This, it is true, would not be conclusive of the question, but
as the case was presented at the time the ruling of the court
was made it did not appear that she was under moral or legal
obligation to defend the action, or that she was in fact defend-
ing it, or that she was connected directly or remotely with the
alleged taking of the chattels from the plaintiff's possession, or
that for any other reason she would be directly or indirectly
benefited by a verdict in the defendant's favor, or be prejudiced
by a verdict against him.   This being so, the fact that her hus-
band, who proposed to give testimony which would be incon-
sistent with and contradictory of her claim of exclusive owner-
ship of the chattels, was the plaintiff in the action, cannot affect
the question.   The rule which would exclude him from giving
such testimony in the present case would also exclude him from
giving it, if the action had been brought by another, and all the
other conditions above referred to were the same.   But though
at common law husband and wife were not admissible as wit-
nesses against each other, where either was directly interested
in the event of the proceeding, yet—according to the doctrine
stated by Greenleaf—in collateral proceedings, not immediately
affecting their mutual interests, their evidence was receivable,
notwithstanding it might tend to contradict, or to show a legal
demand against, the other: 1 Green. Ev. (15th ed.) § 342.   In
Griffin v. Brown, 19 Mass. 303, speaking of the cases bearing
upon this point, PARKER, C. J., said: " They establish this
principle, that the wife may be a witness to excuse a party sued
for a supposed liability, although the effect of her testimony is
to charge her husband upon the same debt, in an action after-
ward to be brought against him.   And the reason is, that the
verdict in the action in which she testifies, cannot be used in
the action against her husband ; so that, although her testimony
goes to show that he is chargeable, yet he cannot be prejudiced

by it." It cannot be said that all of our cases go to the same length, and yet in Musser v. Gardner, 66 Pa. 242, which was replevin by a feme sole trader for goods which the defendant had purchased from her husband, it was held that she was competent to testify in her own behalf under the act of 1869. THOMPSON, C. J., who delivered the opinion of the court, said : "The husband was no party, and that he might possibly be called on at some time or other to answer an implied warranty of title to the property he had sold and now claimed by the wife, was too remote and contingent to bring her within the prohibition of the statute from testifying against her husband. In fact, a decision in this issue, in her favor would by no means be necessarily conclusive in a contest between her husband and the defendant on an implied warranty." See also opinion of Judge BUCHER of the common pleas in Merriman v. Munson, 134 Pa. 114. We are not aware that Musser v. Gardner has been overruled expressly, but it must be conceded that it seems not to be in entire harmony with the later case of Pleasanton v. Nutt, 115 Pa. 266. That also was an action of replevin by a married woman. The defendant pleaded specially that she, the defendant, acquired title by purchase from the plaintiff's husband, and that he was at the time of the purchase the owner of the property. The plaintiff was permitted to testify, under objection and exception, that the title was in her under a gift from her husband before the alleged sale to the defendant. It was held upon writ of error that the objection should have been sustained. STERRETT, J., said: "She was incompetent to thus prove title in herself, because in so doing she was testifying against the interest of her husband. While he was not a party to the record, he was nevertheless interested in the result, in that his wife's testimony, to the effect that the furniture was not his but hers, at the time he sold it to the defendant below, tended to make him liable for breach of his implied warranty of title in the sale of the furniture as his own." In Norbeck v. Davis, 157 Pa. 399, which was a sheriff's interpleader to determine the ownership of goods seized as the property of the husband, but claimed by the wife, it was held that as the husband disclaimed ownership the wife was a competent witness to support her title. To the same effect is Evans v. Evans, 155 Pa. 572. But in the course of his discussion sus-

taining this ruling of the court below in Norbeck v. Davis, DEAN, J., said : " If the husband actually claimed the property and was on the side of the execution creditor, then the antagonism which the law contemplates would exist." In Johnson v. Watson, 157 Pa. 454, it was held that the plaintiff was not a competent witness to prove his title to the goods replevied, where the defendant, after claiming the goods, giving a return property bond and pleading non cepit and property, withdrew the plea of property, disclaimed ownership, and averred in a special plea, that the goods were owned by the plaintiff's wife, which the plaintiff in his replication denied.   We take the foregoing statement of the case from the syllabus, but it would seem not to be a complete statement, for DEAN, J., who delivered the opinion of the court, said : " She (the wife) came into court and pleaded her ownership of record.   Plaintiff did not demur, but by a formal replication joined issue with the wife, and, by the conclusion to his replication, demanded a jury trial, as between him, the husband, and her, the wife." It will be seen also from the recital of other facts in the opinion, which we have not referred to, that a recovery of the goods by the plaintiff in that action would have been distinctly prejudicial to the wife's interests. The case at bar is plainly distinguishable from, and not ruled by, Pleasanton v. Nutt, because, if upon no other ground, it was not claimed at any stage of the trial that the defendant claimed title to the chattels by purchase from the plaintiff's wife.   It is equally clear from the statement at the outset of this opinion that the question of the plaintiff's competency, as presented at the time the ruling under consideration was made, is not ruled in the defendant's favor by anything that was said or decided in Norbeck v. Davis or Johnson v. Watson. `" The modern tendency of the law is not to multiply valid objections to the competency of witnesses," per STRONG, J., in Thomas v. Maddan, 50 Pa. 261.   The tendency since the time of that utterance, 1865, has been to greatly diminish the number, and this lends plausibility to the argument that, by reason of the desertion of the plaintiff's wife, the case is within the spirit, if not the strict letter, of sec. 4 of the Act of June 8, 1893, P. L. 344.   Notwithstanding the seeming force of the argument it is to be borne in mind that the incompetency of husband and wife to testify against each other depends not alone upon the prin-

ciples of the common law but upon the express words of the statute. It was for the legislature to declare the exceptions to this general rule, and we think it quite plain that in the enactment of sec. 4 of the act of 1893 the legislature did not have in view a proceeding in which only husband or wife was a party and in which no judgment or decree could be entered that could be pleaded as res judicata in a subsequent controversy between them involving the same subject-matter. We therefore concur with the learned judge below in holding that as this case was presented at the trial the fourth section of the act of 1893 did not apply.

But it may be said that if the plaintiff's incompetency did not appear at the time he was rejected, it did appear when the defendant testified that he took the chattels from the plaintiff's premises by direction of the plaintiff's wife who claimed to be the owner of them ; therefore, it may be argued, no harm was done by the ruling, because the defendant would have been entitled to have the testimony struck out. We are not prepared to say that this would not be true, if these facts had been developed in the presentation of the plaintiff's case, and it had appeared, as was said in Norbeck v. Davis, that the wife was on the side of the defendant in the issue being tried. Nor do we say that the court would not have been justified in instructing the jury to disregard the testimony of the plaintiff upon the question of ownership, if they believed the defendant's testimony that he was simply acting as the wife's agent and under her direction in taking and holding the property. In either of these contingencies there would appear to be that actual antagonism between husband and wife which was in the contemplation of the court in the case last cited. But we cannot agree that the court would have been bound to take the testimony of the defendant as to the facts last referred to as absolute verity, and therefore we cannot declare that the ruling, though erroneous, was harmless. We think the plaintiff should have been permitted to testify—of course excluding confidential communications—subject to the power of the court to take such action regarding his testimony as the facts subsequently developed in the trial might warrant. Upon the question of practice we refer again to Pleasanton v. Nutt.

Judgment reversed and venire facias de novo awarded.