HALBACK et al. v. HILL.

**(Court of Appeals of District of Columbia. Submitted October 6, 1919. Decided December 1, 1919.)**

No. 3274.

1. HABEAS CORPUS ⊙=99(3)—INFANT'S WELFARE DETERMINES CUSTODY.

In habeas corpus proceeding to determine the custody of a child, the infant's welfare governs, although the writ confers no jurisdiction to appoint guardians for minors.

2. WITNESSES ⊙=4, 83—COMPETENCY OF PARENT IN ACTION TO RECOVER POSSESSION OF CHILD.

In habeas corpus proceeding by a husband to recover possession of his child from its grandparents, the petitioning husband was not only a competent witness in his own behalf, but a compellable one on behalf of respondents, under the direct provisions of Code, § 1063.

3. WITNESSES ⊙=194—WIFE'S LETTERS TO HUSBAND BEFORE MARRIAGE ADMISSIBLE; "CONFIDENTIAL COMMUNICATIONS."

Letters written by a wife to her husband before their marriage are not "confidential communications," within Code, § 1069, making a husband and wife incompetent to testify as to confidential communications between them during marriage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confidential Communication.]

4. WITNESSES ⊙=53(1)—COMPETENCY OF HUSBAND AND WIFE.

Code, § 1068, making a husband and wife competent, but not compellable, witnesses for or against each other, was designed to remove, and not increase, grounds of incompetency, and therefore confers no greater privilege than existed at common law.

5. WITNESSES ⊙=52(8)—HUSBAND, PETITIONING FOR CUSTODY OF CHILD, REQUIRED TO PRODUCE WIFE'S LETTERS.

In habeas corpus proceeding by a husband to recover possession of his child from its grandparents, respondents may require the petitioning husband to produce and identify letters written him by his second wife before their marriage, to show her unfitness to care for the child, since the husband as a party to the action is a compellable witness, under Code, § 1063, and the letters were not privileged under sections 1068, 1069, relating to the competency of husband and wife, etc.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by George Cooper Hill against Edward H. Halback and Etta Tanksley Halback. Judgment for petitioner, and respondents appeal. Reversed and remanded for a new trial.

W. W. Millan, George F. Williams, and R. E. L. Smith, all of Washington, D. C., for appellants.

H. R. Burton, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is by respondents in a petition for a writ of habeas corpus from a judgment of the court below transferring the custody of an infant granddaughter of the appellants to the custody of the petitioner, the father.

It appears from the evidence that the mother of the child died when she was two weeks old; that respondent Etta Tanksley Halback, the

grandmother of the child, took her at the request of the father and cared for her up to the date of the order made in this case, a period of about three years. In the return, respondents allege that the petitioner voluntarily gave the child to the grandmother, assuring her that he would not interfere with the child in any way; that, during the period since the grandmother has had the care and custody of the child, respondents have borne the greater part of the expense of her care and maintenance; that the relation between the grandmother and child is to all intents and purposes that of mother and daughter; that it would be highly injurious to the child to take her out of the custody of the respondents; that petitioner, the father, had remarried on the day the petition was filed; and that they had reason to believe that his wife is not a fit or suitable person to have the responsibility of the care and education of the child.

[1] While the writ of habeas corpus confers no jurisdiction to appoint guardians of infants, yet the court in such a proceeding, in determining merely the question of the right of custody as between the parties to the action, will look to the welfare of the infant. As was said by this court in Seeley v. Seeley, 30 App. D. C. 191, 193 (12 Ann. Cas. 1058):

"The welfare of infants is a matter of paramount consideration at all times and under all circumstances. Courts of competent jurisdiction will always extend their arms to protect infants. The interest of infants is even paramount to the claim of both parents. This is the predominant question to be considered by the tribunal before whom the infant is brought. The rights of parents must in all cases yield to the interest and welfare of the infant. No certain rule can be laid down, but the courts must hold the best interests of the children as of primary importance. Their custody is one largely of judicial discretion, and that discretion is never reviewed by an appellate court, unless it has been manifestly abused."

The jurisdiction of courts of law to determine the custody of infants in habeas corpus proceedings, as between the parties to the litigation, was upheld and considered at length by this court in Goldsmith v. Valentine, 36 App. D. C. 63.

[2-5] To sustain the averments of the return, to the effect that the present wife of petitioner is not a fit or suitable person to have the responsibility of the care and education of the child, certain letters written by the wife to the husband before their marriage were offered in evidence; the husband being called upon on the witness stand to identify the handwriting. One of these letters was produced by respondents, and the others were produced by petitioner pursuant to notice. The letters were ruled out by the court below upon the theory that their production and identification amounted to compelling the husband to testify against the wife.

The policy of the law in the District of Columbia as to the right of a husband or wife to testify against the other is expressed in sections 1068 and 1069 of the Code. Section 1068 provides:

"In both civil and criminal proceedings, husband and wife shall be competent but not compellable to testify for or against each other."

Section 1069 provides:

"In neither civil nor criminal proceedings shall a husband or his wife be competent to testify as to any confidential communications made by one to the other during the marriage."

The sole question here involved is one of the competency of a witness to testify under given circumstances. In this case the wife is neither a witness nor a party to the action. The husband, a party to the action, was giving testimony, and in course thereof was called upon to produce the letters and identify them as being in the handwriting of his wife.

The letters were excluded "on the ground that to admit them would have the effect of compelling the husband to testify against his wife." "There seems to be no difference in principle between compelling a witness to produce a document in his possession, under a subpœna duces tecum, in a case where the party calling the witness has a right to the use of such document, and compelling him to give testimony, when the facts lie in his own knowledge." Bull v. Loveland, 10 Pick. (Mass.) 9, 14. What here occurred was not the wife testifying against the husband, but the husband producing and identifying letters written by the wife to the husband before marriage. The husband was a witness in a suit to which he was a party and to which the wife was not a party. The husband, petitioner, was not only a competent witness in his own behalf, but a compellable one on behalf of respondents. Code D. C. § 1063.

At common law, with certain exceptions unnecessary here to mention, "when either spouse was a party to the record, the other could not be a witness. * * * Where the interests of either husband or wife, though not a party, were directly involved in an action and would be concluded by a verdict, the other spouse could not testify." Jones on Evidence, § 733. See, also, Greenleaf on Evidence (15th Ed.) §§ 334, 335, 341. "The law does not seem to be entirely settled, how far, in a collateral case, a wife may be examined on matters in which her husband may be eventually interested. Nor whether, in such a case, she may not be asked questions as to facts, that may, in some measure, tend to criminate her husband, but which afford no foundation for a prosecution. * * * It is, however, admitted, in all the cases, that the wife is not competent, except in cases of violence upon her person, directly to criminate her husband, or to disclose that which she has learned from him in their confidential intercourse." Stein v. Bowman, 13 Pet. 209, 10 L. Ed. 129. The weight of modern authority is that, at common law, "in collateral proceedings not immediately affecting their mutual interests, either husband or wife might be a witness, although the evidence of one tended to criminate the other, or to contradict the other, or to subject the other to a legal demand." Jones on Evidence, § 742.

In Sayler v. Walter, 30 Pa. Super. Ct. 370, an action brought for the conversion of certain chattels, objection was made to the competency of the plaintiff as a witness, on the ground that he had admitted on his voir dire that his wife also claimed the ownership of the chattels. The court said:

261 F.—64

"In the first place, she was not a party to the issue on trial. This, it is true, would not be conclusive of the question; but as the case was presented at the time the ruling of the court was made it did not appear that she was under moral or legal obligation to defend the action, or that she was in fact defending it, or that she was connected directly or remotely with the alleged taking of the chattels from the plaintiff's possession, or that for any other reason she would be directly or indirectly benefited by a verdict in the defendant's favor, or be prejudiced by a verdict against him. This being so, the fact that her husband, who proposed to give testimony which would be inconsistent with and contradictory of her claim of exclusive ownership of the chattels, was the plaintiff in the action, cannot affect the question. The rule which would exclude him from giving such testimony in the present case would also exclude him from giving it, if the action had been brought by another, and all the other conditions above referred to were the same. But, though at common law husband and wife were not admissible as witnesses against each other, where either was directly interested in the event of the proceeding, yet—according to the doctrine stated by Greenleaf—in collateral proceedings, not immediately affecting their mutual interests, their evidence was receivable, notwithstanding it might tend to contradict, or to show a legal demand against, the other. 1 Greenl. Ev. (15th Ed.) § 342."

And in Edwards v. Dismukes, 53 Tex. 605, involving the question of the wrongful delivery of a deed by the husband of plaintiff, where objection was made to the competency of the wife, the court said:

"They object, however, that Mrs. Dismukes was not competent to testify as to what instructions she gave her husband, or as to a fraud practiced on her by her husband. We remark that the husband was not a party to the suit at the trial; that the communication from the wife to the husband does not appear to have been of a confidential nature; and that we know of no rule of law which forbids the wife, in support of her rights against a third party, from testifying as to fraudulent acts of her husband."

In the case at bar the wife is not a party to the record, nor has she any interest in the outcome of the case, either directly or indirectly. The testimony sought to be adduced from the husband does not criminate her, or even tend to criminate her, or subject her to any civil liability. The letters were introduced for the purpose of showing the atmosphere into which the child would be brought due to the presence of the wife. While reflecting upon the fitness of the wife to be associated with the child, they were not evidence against any one directly interested in the outcome of the case. Nor can they be considered confidential communications under section 1069 of the Code, since they were written prior to marriage.

The purpose of section 1068 of the Code, providing that "husband and wife shall be competent but not compellable to testify for or against each other," was to remove grounds of incompetency, and not increase them. "The modern tendency of the law is not to multiply valid objections to the competency of witnesses." Thomas v. Maddan, 50 Pa. 261. Therefore a husband or wife, under this statute, can claim no greater privilege than existed at common law. Petitioner would have been a competent and compellable witness at common law in regard to these letters, except for the fact of his interest in the case, which cause of disqualification has been removed by section 1063 of the Code.

We think the letters were material, relevant, and competent, as showing a situation which might forbid the court, in its discretion, from granting the writ prayed in this case. The judgment is reversed, with costs, and the case remanded for a new trial.

Reversed and remanded.