## Rowley and Wife *versus* McHugh *et al.*

1. In ejectment by husband and wife for land sold under a judgment against husband and claimed to be the wife's, the wife is a witness for plaintiff under Act of April 15th 1869.

2. In such case the wife testifies not against the husband, but on her own behalf.

3. The husband had no interest in maintaining the title of the sheriff's vendee.

October 25th 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Cambria county* : No. 134, to October and November Terms 1870.

This was an action of ejectment, brought November 10th 1866, by George Rowley and Sarah Rowley his wife in her right against Dominick Hugh and others.

The case was tried June 10th 1869.

The title to the land in controversy was in Sarah Rowley; it had been sold by the sheriff under a judgment against the husband ; the defendants claimed under the sheriff's vendee.

The plaintiffs and defendants gave evidence to establish the issues on their respective parts.

The plaintiffs then, in rebuttal, offered Sarah Rowley, the wife, to testify; she was objected to as incompetent, rejected by the court (Taylor, P. J.), and a bill of exceptions sealed.

The verdict was for the defendants.

The plaintiffs took a writ of error, and assigned for error the rejection of Mrs. Rowley to testify.

*B. F. Lucas* (with whom were *A. G. Lucas* and *R. L. Johnston*), for plaintiffs in error, was stopped by the court.

*C. L. Pershing* and *J. Potts*, for defendants in error, cited the Acts of April 15th 1869, § 1, Pamph. L. 30, Purd. 1566, pl. 1 ; March 4th 1870, Pamph. L. 36 ; Snyder v. Snyder, 6 Binney 487 ; Pringle v. Pringle, 281.

The opinion of the court was delivered, January 3d 1871, by

WILLIAMS, J.—There is but one question in this case, and that is, whether the wife in an action of ejectment by husband and

[Rowley *v.* McHugh.]

wife, in right of the latter, is a competent witness, under the Act of 15th April 1869, to rebut the evidence given by the defendants who claim title under a sheriff's sale of the land as the property of the husband.    The court below, on the authority of Snyder *v.* Snyder, 6 Binn. 487, and Pringle *v.* Pringle, 9 P. F. Smith 281, decided that she was not a competent witness, and rejected her testimony.    Both of these cases were decided before the passage of the act allowing parties in interest to be witnesses, and do not touch the question of the wife's competency under its provisions. The act provides " that no interest or policy of law shall exclude a party or person from being a witness in any civil proceeding : Provided, This act shall not alter the law, as now declared and practised in the courts of this Commonwealth, so as to allow husband and wife to testify against each other," &c.    Under the sweeping provisions in the body of the act, it is clear that husband and wife would be competent witnesses for or against each other in any civil proceeding, if it were not for the restraining clause contained in the proviso.    Under it, husband and wife are not allowed to testify against each other, and as this is the only restriction imposed, we have not the power to add another.    The language of the act is so plain and explicit, as to leave nothing to construction.    While, under its provisions, husband and wife are not allowed to testify against, they are competent witnesses for each other.    Here the wife was not called to testify against the husband, but in her own behalf.    The ejectment was in her own right, and the husband was only a nominal party to the proceeding.    If he had any interest in the event of his wife's recovery, it was contingent and on the side of the wife.    The argument that the wife was called to testify against the husband, because the defendants claimed title under the sheriff's sale of the land as the husband's property, has no foundation for its support.    The husband did not warrant, and he is in nowise responsible for the validity of the defendants' title, nor has he any interest in maintaining it.    It is clear then that the wife was not called to testify against her husband in any sense, but in her own favor, and in behalf of her husband so far as it respects his contingent interest in the event of her recovery.    Under the act she was clearly competent, and the court erred in excluding her testimony.

Judgment reversed, and a *venire facias de novo* awarded.