# Jones *versus* The National Building Association.

Where one is induced to become surety on a promissory note by the representations of the secretary of a building association, the association cannot allege a want of authority in the secretary to make such representations when the surety makes defence on the terms of the agreement. The association cannot have the benefit of the security, and at the same time repudiate the contract by means of which they obtained it.

March 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Lackawanna county :* Of January Term 1880, No. 235.

Feigned issue, wherein the National Building Association was plaintiff, and David L. James and David T. Jones, defendants, to determine the liability of the latter as surety on a promissory note given by James to the association.

On the 16th of May 1870, James borrowed of the National Building Association, then an unincorporated association, $680, and gave as security for the same to said association his judgment note for $1000. On this note Jones became surety, upon the secretary of the said association representing to him that he would only be security on the same for about three months, or until the principal could get a policy of insurance on his house and deposit it with the association. About ten weeks after this, James, the principal, procured a policy of insurance on his house and deposited

[Jones *v.* National Building Association.]

it with the association. When Jones, the surety, demanded of the secretary of the association a release of his obligation as surety, the secretary then assured him he should be released. Subsequently, Jones, finding that he had not been released, demanded of the secretary of the association a release as surety, and notified him that he must no longer look to him as surety, but must look to James, the principal, for the money. In the meantime, on the 27th of June 1870, the National Building Association was incorporated under the provisions of the Act of Assembly of 12th April 1859, by a decree of the Court of Common Pleas of Luzerne county.

The secretary of the association failed to release Jones and issued a scire facias to revive and continue the lien of the judgment against both James and Jones. Jones immediately made application to the court, and upon affidavit setting forth the facts, obtained a rule to show cause why the judgment should not be opened as to him and he be let into a defence. This rule was made absolute, an issue was framed, and the case was referred to a referee, James H. Torrey, Esq., under the Act of 1869 and supplements, Pamph. L. 725.

The referee found the facts substantially as they are set forth above, and among his conclusions of law found " that D. T. Jones, the surety, is estopped to set up as a defence to this action the fraudulent representations of the agent of the association. Perhaps this would not be the case if the association had been incorporated. The relations between a corporation and her members are hardly intimate enough to make the representations of her agents affect the members' private interests. But being unincorporated, the members of the association stood toward each other in the relation of partners. As a partner Mr. Jones is estopped to set up the representations of the agent and a member of the partnership." He then found for the plaintiff. Jones assigned this finding for error, and the court, Hand, A. L. J., confirmed the finding of the referee, saying : " The defendants must all, in contemplation of law, have had notice of the authority, whatever it was, of the secretary to bind the association. They were all members. The referee practically finds that the secretary had not authority to make the arrangement he did, as he finds it to have been fraudulent, which it would not have been if authorized. This is not the case of an agreement to exchange securities at a definite time, made with authority and clearly proved. The judgment in this case is affirmed."

The defendants took this writ, alleging that the court erred in this action.

*Lemuel Amerman*, for plaintiffs in error.—The contract of Jones to become surety cannot be separated from that by which it was

[Jones v. National Building Association.]

induced, viz.: the promise to release him upon James furnishing other security. The association must adopt the whole contract, including the statement and representations which induced it: Hunt v. Moore, 2 Barr 105; Mundorff v. Wickersham, 13 P. F. Smith 87; Keough v. Leslie, 11 Norris 424. She cannot have the advantage of the security desired and retain the price of it, viz.: the security of Jones: Mundorff v. Wickersham, *supra*, and cases there cited.

A man cannot take any benefit under a false and fraudulent representation made by his agent, although he may have been no party to the representations, and may not have distinctly authorized them. No matter how innocent he may be, he cannot reap the fruits of his agent's fraud: Hern v. Nichols, 1 Salk. 288; Musser v. Hyde, 2 W. & S. 314; Bennett v. Judson, 21 N. Y. 238; Elwell v. Chamberlain, 31 Id. 611; Southern Express Co. v. Palmer, 48 Ga. 85.

Though the plaintiff below is a company or corporation, she is as much bound by the false and fraudulent representations of her agent as an individual: Angell & Ames on Corporations 249; Custer v. Titusville Gas Co., 13 P. F. Smith 381. Even though Jones, the surety, were a member of the association, he must be discharged. The rule that a company cannot retain any benefit which it may have obtained through the false and fraudulent representations of its agents, applies to the case of a member of the company who was induced by such representations to enter into a contract with the company: Western Bank of Scotland v. Addie, L. R., 1 S. C. Ap. Cas. 163; 1 Am. Law Review (N. S. No. 3) 181; Oakes v. Turquand, L. R., 2 H. L. 325.

No counsel nor paper-book, *contra*.

Mr. Justice PAXSON delivered the opinion of the court May 3d 1880.

The learned referee found as matter of fact that at the time the note in controversy was executed, J. M. C. Ranck, the secretary of the building association, represented to David T. Jones, the surety in said note, that he would only be security on the loan for about three months, or until Mr. James, the principal, could get an insurance policy on his house and deposit it with the association; that about ten weeks after, Mr. James procured a policy of insurance on his house, and deposited it with the association; and that soon after, Mr. Jones demanded of Mr. Ranck a compliance with his agreement and a release of his (Jones's) obligation as surety, and that Mr. Ranck again assured him that he should be released.

The referee's finding of the law is not so satisfactory. It was "That D. T. Jones, the surety, is estopped to set up as a defence to this action the fraudulent representations of the agent of the association."

[Jones *v*. National Building Association.]

The court below sustained the finding of the referee upon the law.   No exceptions were filed to his finding of facts.

The contention on the part of the association, plaintiff, is, that the secretary had no authority to make the representations by which Jones was induced to sign the note as surety ; that it was therefore a fraud and not binding on said association—that is to say, the latter could repudiate the fraud, and yet hold on to its fruits.   This cannot be done.   Common honesty and the law of the land alike forbid it.   Whether the association was incorporated or unincorporated, whether the secretary was or was not authorized to make the representations to Jones, it is clear the association cannot have the benefit of the security and at the same time repudiate the contract by means of which they obtained it.   No principle of law is better settled than that a man cannot reap the fruits of his agent's fraud : Musser *v*. Hyde, 2 W. & S. 314 ; Hunt *v*. Moore, 2 Barr 105 ; Mundorff *v*. Wickersham, 13 P. F. Smith 87 ; Keough *v*. Leslie, 11 Norris 424.   The association took this security *cum onere*, and the maxim *qui sentit commodum sentire debet et onus* applies.

The judgment is reversed as to David T. Jones, the surety.