## Johnson, Appellant, v. Watson.

*Husband and wife—Evidence—Replevin—Act of May 23, 1887.*

In an action of replevin to determine the ownership of personal property, where a husband is plaintiff, and the defendant, after having claimed the goods, given a return property bond, and pleaded non cepit and property, withdrew the plea of property, disclaimed ownership, and averred, in a special plea, that the property was owned by plaintiff's wife, which plaintiff in his replication denied, plaintiff is not a competent witness to prove his title, under the act of May 23, 1887, P. L. 158.

*New trial—Discretion of court—Surprise.*

In such a case complaint by the plaintiff that, by reason of the unexpected ruling of the court, he was left without opportunity to present his case, is a matter entirely within the discretion of the court below on motion for new trial.

Argued May 18, 1893.   Appeal, No. 39, July T., 1893, by plaintiff, J. W. Johnson, from judgment of C. P. Lancaster Co., March T., 1888, No. 53, on verdict for defendant, Harriet P. Watson.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Replevin for household goods.   Before LIVINGSTON, P. J.

The facts appear by the opinion of the Supreme Court.

The case had been on trial on the original pleas but the jury was discharged on account of the sickness of one of their number.

When plaintiff was called on his voir dire, he was asked: " Q. Had this case on a previous occasion been called for trial, and you called and examined as a witness in your own behalf?" Objected to because it was not since this special plea and replication were filed.   Disallowed, and exception. [1]

" Q. Was or was not the case continued at that time on account of the sickness of a juror?"   Objected to by defendant. Disallowed, and exception. [2]

Plaintiff then called J. W. Johnson as a witness in chief. Objected to by defendant as incompetent and disqualified. Disallowed, and exception. [3]

Plaintiff offered in evidence testimony of J.W. Johnson, plaintiff in this suit, as shown by the notes of former trial in this case; which trial commenced Jan. 28, 1890. Objected to by defendant. Disallowed, and exception. [4]

J. W. Johnson, plaintiff, now offered as a witness to show the value of the goods mentioned in the writ of replevin. Objected to, disallowed and exception. [5]

Binding instructions were given for defendant. [6]

Verdict for defendant. A rule for a new trial was discharged and judgment entered upon the verdict.

*Errors assigned* were (1–5) rulings on evidence, (6) instructions; quoting bills for exceptions and instructions.

*B. F. Davis, B. F. Eshleman* with him, for appellant, cited : Patterson v. Clyde, 6 Phila. 391 ; McBride v. Duncan, 1 Whart. 269; Davis v. Stuard, 11 W. N. 366; Knowles v. Lord, 4 Whart. 504.

*G. C. Kennedy* and *H. M. North, Geo. M. Kline* with them, for appellee, cited: Knowles v. Lord, 4 Whart. 500; Musser v. Gardner, 66 Pa. 242 ; Seibert v. McHenry, 6 Watts, 303; Waterman v. Robinson, 5 Mass. 303 ; Mackinley v. McGregor, 3 Whart. 398; Marsh v. Pier, 4 Rawle, 283; Sahms v. Brown, 5 Lancaster L. R. 105.

Opinion by Mr. Justice Dean, October 2, 1893 :

The defendant is sister of plaintiff's wife. All had been occupying a house which belonged to defendant in Lancaster. On 10th of February, 1888, by legal proceedings, defendant dispossessed plaintiff; but her sister, his wife, with three children, continued to live in the house with defendant. At the time plaintiff was dispossessed, his wife claimed all the personal property in the house, and it remained there until the 8th of March following. Then plaintiff issued a writ of replevin, averring all the personal property in the house, book-cases and contents, office furniture, beds, bedding, furniture, knives, forks,

spoons, fruit jars, etc., to be his, and that Harriet P. Watson, defendant, wrongfully took and unjustly detained the same. On this writ, the sheriff delivered possession to plaintiff, of the book-cases, books, office furniture, safe and contents, but all the household furniture was claimed by Harriet P. Watson, defendant, and she gave to the sheriff a claim property bond therefor. On April 14, 1888, plaintiff filed his narr, in which he averred property in himself to the goods not delivered under the writ, and that they were wrongfully detained by his sister-in-law, the defendant. To this, defendant entered a plea of "non cepit and property" on 20th of April, 1888. On November 18, 1890, the defendant, by leave of court, filed a special plea, disclaiming title to the property, and averring it was owned by Susan M. Johnson, wife of plaintiff. To this plea, the next day plaintiff filed replication, denying title in his wife and re-averring title and right of possession in himself, and of that he "put himself upon the country." On November 18th, the same day the special plea was filed, the wife, Susan M. Johnson, died. Afterwards, defendant withdrew the plea of "property." On 28th of November, 1892, the case was called for trial, and a jury sworn in the issue as it stood of record. The plaintiff offered himself as a witness to establish his claim to the property; the court, holding he was not a competent witness against his wife's interest, would not permit him to testify. Plaintiff offered no other evidence, and there was a verdict and judgment for the defendant, and then this appeal.

The appellant assigns five errors, but they are essentially the same, the rejection of plaintiff as a witness.

As the issue stood upon the record when the jury was sworn and on the trial, it was between plaintiff and his wife. Harriet P. Watson, the sister, in whose house was the property, gave bond to relieve the sheriff from the duty of delivery; but this did not bar the real owner from asserting her right against the claimant. She came into court and pleaded her ownership of record. Plaintiff did not demur, but by a formal replication joined issue with the wife, and, by the conclusion to his replication, demanded a jury trial, as between him, the husband, and her, the wife. The old rule which prevents husband and wife testifying "against each other," is not relaxed by either statute or decision. Rowley *v.* McHugh, 66 Pa. 269 ,

Pleasanton v. Nutt, 115 Pa. 268; Section 4 (*c*), act 23d May, 1887, P. L. 158.

The matters complained of by appellant, tending to show, as he alleges, that by reason of an unexpected ruling he was left without opportunity to present his case, were all for the court below on the motion for new trial. The learned judge who presided at the trial, did not consider the reasons sufficient to warrant the setting aside of the verdict. It was a matter for his sound discretion with which we ought not to interfere.

The assignments of error are overruled, the judgment is affirmed, and appeal dismissed at costs of appellant.