# Leedom *v.* Leedom, Appellant.

*Evidence—Declarations of husband against wife.*

The declarations of a husband made in the absence of his wife are not admissible against the wife.

*Evidence—Cross-examination.*

The contradiction of plaintiff's own testimony is a matter of defence which cannot be introduced upon cross-examination of plaintiff's witness.

*Evidence—Employment of counsel by defendant.*

In an action of assumpsit it is proper to permit plaintiff to show by defendant, on cross-examination, that defendant did not himself employ counsel to defend the case.

Argued March 1, 1894.  Appeal, No. 112, Jan. T., 1894, by defendant, George W. Leedom, from judgment of C. P. Berks Co., Oct. T., 1891, No. 37, on verdict for plaintiff, Maggie Leedom.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ.  Affirmed.

Assumpsit for money received for benefit of plaintiff.

At the trial, before ERMENTROUT, P. J., plaintiff introduced evidence which tended to show that, on Feb. 4, 1888, plaintiff received a check for $824.86 from a building association, and that she loaned the money to her husband, Edward J. Leedom, who indorsed the check, and apparently received the money. Mrs. Leedom testified that in February, 1889, her husband paid back to her $800 which she kept in the house, and on March 1, 1889, it was placed in the hands of defendant, who has failed and refused to return it to her.

Defendant offered to show by declarations of plaintiff's husband that the building association money drawn Feb. 4, 1888, was deposited in the First National Bank in the name of Edward Leedom, and soon thereafter the same money was loaned to his brother, John Leedom, a note taken therefor, which is the note plaintiff held and had in her possession until 1889, when the same was paid back into the hands of Edward Leedom and again deposited in the same bank in his own name, and remained there until his death, Nov. 19, 1889.  This offer was made for the purpose of tracing this identical fund from the time it was paid by the building association up to the time of Edward Leedom's death.  The several offers were objected to on the ground that the declarations were made in the absence of the wife. [1–3]

The plaintiff proposed to show, by the defendant, on cross-examination, that he, defendant, did not employ counsel to defend this case.  Admitted under objection. [5]

Witness said he paid counsel with his own money.

Counsel for defendant handed Bessie Leedom, plaintiff's daughter, when upon the stand and under cross-examination, a paper, for the purpose of having it identified, as to whether or not it was her genuine signature, for the purpose of exhibiting the paper in contradiction of plaintiff, who had testified that she had never applied to John Leedom for financial assistance or received any from him.

Objected to, first, because it is manifest that the purpose for which this is to be used is part of the defence; its relevancy can only be tested when it is formally offered as part of the defence, and the contradiction of Mrs. Leedom is a matter of defence; besides, as to that receipt, it being irrevelant, the defendant is bound by the answer which Mrs. Leedom made, on the principle that he who asks an irrelevant question on cross-examination is bound by the answer; second, it is generally incompetent and inadmissible. Objection sustained. Exception. [6]

Plaintiff proposed to prove by Lawrence Ressler that he knew Edward J. Leedom; that in the month of February, 1889, Edward J. Leedom came to his saloon in the city of Reading, having in his possession a large amount of money in gold and in notes; that he was giving some of it away and that the witness told him that he should take that money home and give it to his wife. This for the purpose of showing that on or about the middle of February, 1889, at the time at which the plaintiff alleges that her husband gave her this money, her husband had money to give away; also, for the purpose of answering that part of the defendant's case which seeks to show by the condition of Edward Leedom's bank account and by the extent of his estate, that he did not have $800 to give her at that time, and for the general purposes of the case. Objected to as not being rebuttal, and as generally incompetent and inadmissible.

The Court: The facts are admitted but not the conversation. Exception. [4]

The witness testified substantially as in the offer.

By Mr. Derr: A reference to the testimony shows that the defendant's counsel did inquire of Mrs. Leedom as to what was said by her husband when he gave her this $800. I desire to call your honor's attention to that, and renew my offer to ask her what else was said, and what if anything was said about Mr. Ressler.

By Mr. Jacobs: Objected to; she cannot give declarations against the defendant made by other parties, in his absence.

By the Court: We think they are entitled to have the conversation, in so far as it may be relevant to this issue, inasmuch as it has been gone into somewhat on cross-examination. Admitted. Exception for defendant.

By Mr. Derr: Q. State all that was said by your husband at the time when he handed back the $800 to you, in February, 1889.

Mr. Jacobs: Counsel for defendant asks what is proposed to be proven. Is it what other people said, or is it what defendant should have said? If it is what defendant said, there is no objection to it. If it is what other people said it is objected to, for the reason that, on cross-examination, the witness was not asked what was said, nor to give the whole conversation, and was only asked whether the husband did not say, " This is your money from the building association," in order to identify the money, she having said that her husband had given her back the money, and any inquiry as to the whole conversation would be irrelevant. The act of a party or a portion of his words may be proven against him, we admit, but it is in rebuttal only that the whole conversation may be drawn out for the purpose of explanation. Here, there is no necessity for explanation, and it is immaterial and irrelevant.

Mr. Keiser: The question put by counsel for defendant, in order to identify this particular money, were not words proven against the party, within the rule of Steckel v. Desh, 2 Penny. 303, 313, and such as could be rebutted.

Objection overruled; exception for defendant. [7]

By Mr. Derr: Q. State all that was said by your husband at the time when he handed back the $800 to you, in February, 1889. A. When he handed back the money to me he says, " Here is your $800 coming to you from the building association." He said, " I have been away at Mr. Ressler's saloon, and I gave some money away while I was there, and Mr. Ressler said, ' Ed., you go home and give this money to your wife,' and here it is. I will give you now these $800 coming to you from the building association.' "

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence, quoting bills of exceptions and evidence.

*H. P. Keiser* and *J. H. Jacobs, G. B. Stevens* with them, for appellant.

*Cyrus G. Derr*, for appellee, cited : Hay v. Martin, 14 Atl. R. 341; s. c., 2 Mona. 526; Jones v. McKee, 3 Pa. 500; Bedford's Ap., 40 Pa. 18; Martin v. Rutt, 127 Pa. 383; Evans v. Evans, 155 Pa. 572; Jackson v. Litch, 62 Pa. 455; Hughes v. Westmoreland Coal Co., 104 Pa. 213.

PER CURIAM, March 12, 1894 :

This case hinged on questions of fact which were exclusively for the consideration of the jury. There is no complaint as to the manner in which said questions were submitted. The assignments of error relate solely to certain rulings of the learned trial judge on questions of evidence. The first, second, third and sixth specifications allege error in rejecting defendant's offers of testimony therein recited respectively; and the remaining three complain of the admission of testimony offered on behalf of the plaintiff.

We have considered the questions thus presented, and are not convinced that there is any substantial error in either of said rulings. There appears to be nothing in the record that requires a reversal of the judgment.

Judgment affirmed.