## Chicago Cottage Organ Company, Appellant, v. J. W. McManigal.

*Evidence—Parol stipulation inducing written contract.*

Where the parol stipulation is the inducing cause to the execution of a written instrument the law will give relief by admitting evidence of such parol stipulation if the evidence is of a perfectly clear and satisfactory character.

*Evidence—Province of court—Admixture of oral and written evidence for the jury.*

When matters of fact, depending on oral testimony are connected with, and necessary to, a proper understanding of the written evidence, the court is not bound to construe the latter as if it stood alone. An admixture of oral and written evidence draws the whole to the jury.

*Principal and agent—Unauthorized acts—Ratification by suit.*

The unauthorized acts of an agent beyond the limits of his authority, do not bind the principal unless the principal subsequently ratifies and confirms the contract but this ratification occurs when the principal sues on the contract made by the agent; he must take the benefit derived from the contract cum onere.

*Evidence—Husband and Wife—Wife an independent witness—Credibility for jury.*

A husband and wife can testify in favor of each other if no other objection than the fact of marriage be interposed and the wife's evidence, properly admitted, must be considered by the jury as that of an independent witness. The relation to her husband may influence her testimony to a greater or less degree, but her credibility like that of a father, child or friend, is for the jury.

Argued March 25, 1898. Appeal, No. 36, March T., 1898, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1896, No. 52, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before BAILEY, P. J.

It appears from the record that suit was brought on a lease for " one C. C. organ, style 905, No. 133843," valued at $110. The monthly payments were to be $5.00 a month in advance on the 16th of every month and the monthly payments made were to be credited under certain conditions as upon the purchase price.

The lease contained a notice at the top as follows : " No agent is authorized to make any written or verbal contract or promise other than written or printed on the face of this contract."

On the trial defendant offered to show by testimony of himself and wife that the company's agent had induced him to execute the lease by false and fraudulent representations in that the agent had represented to him that the word " organ " in the contract meant and would include also a stool and book and that the stool and book were not in fact delivered according to the representation of the agent, which representation was the moving inducement to the contract. The trial judge under objection admitted the testimony of defendant and his wife for the purpose of showing this contemporaneous agreement, alleged to have been made by the agent of the company and that the stool and book had not been delivered according to such agreement.

It appears by the testimony that upon receipt of the organ without the stool and book, defendant notified plaintiff company that the contract not having been complied with they re-

634      ORGAN CO. *v.* McMANIGAL.

Statement of Facts—Assignment of Errors.    [8 Pa. Superior Ct.

fused to accept the organ and that it was at the disposal of the plaintiff.

The claim was for eight months' rental and the jury found a verdict for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) admission of testimony of defendant and his wife to show contemporaneous parol agreement and nondelivery of the stool and book in accordance with said agreement.    (3) In answer to plaintiffs' first point, which point and answer are as follows: "An agent cannot by his representations or promises bind his principal, except the acts or representations be made in the course of the business authorized by the principal, unless his acts or representations be approved or ratified by the principal.    *Answer:* Our answer to this point is—affirmed as a principle of law—but as we have instructed the jury in our general charge, the plaintiff has ratified the contract by bringing suit upon it, and it is therefore bound by the representations and promises of its agent which induced the defendant to enter into it."    (8) In its instructions to the jury as follows: "On this point we instruct you, gentlemen, that the unauthorized acts of an agent beyond the limit of his authority do not bind his principal, unless the principal subsequently ratifies and confirms them.    But we further instruct you that the company by bringing suit has confirmed the contract it sues upon here."    (9) In instructing the jury as follows: "If you believe this testimony (of defendant and his wife) we say to you that it is sufficient to warrant a reformation of the written contract."    (10) In instructing the jury as follows: "1. Were there false representations made by the plaintiff's agent or a verbal agreement made between these parties contemporaneous with the written one, that the plaintiff was to furnish a stool and book to the defendant on the 15th of November, which induced the defendant to sign the lease?    2. If there was such a verbal contemporaneous agreement made with respect to the book and stool, or such false representations made by the plaintiff's agent, then did the plaintiff furnish the stool and book at the time designated or within a reasonable time thereafter?    If you answer both these questions in favor of the defendant, then your verdict must be for the defendant, because he had the right to rescind the contract,

if you believe his testimony under the circumstances surrounding this transaction."

*W. M. Henderson*, for appellant.—The contract executed by the defendant was a contract for the lease of an organ from the plaintiff for twenty-two months at $5.00 per month. This contract was in writing and showed a payment of $5.00 as security money. The offer to show that no money was paid was in direct contradiction to the terms of the written contract and not admissible: Chalfant v. Williams, 35 Pa. 212; Stull v. Thompson, 154 Pa. 43.

The offer to ask the defendant whether the interpretation of the word "organ" by the plaintiff's agent, and his promise to furnish a stool and book, were not the sole inducement to defendant to sign the written contract was clearly inadmissible. No principle of law will justify the admission of such testimony: Building & Loan Assn. v. Hetzel, 103 Pa. 507; Stull v. Thompson, 154 Pa. 43; Thomas v. Loose, 114 Pa. 35.

A mere failure to perform a verbal agreement made at the time of signing a written contract, whereby one party promised the other to perform certain stipulations not provided for in writing, is not such fraud as will let in parol evidence to control the written agreement: Thorne v. Warfflein, 100 Pa. 519.

Here the defendant had notice that the agent was unauthorized to make the promise. He made that notice a part of the contract when he signed it. He allowed the written contract to be sent to the plaintiff without notice of this promise, and is therefore estopped from setting up the agent's misrepresentation or verbal promise as a defense: Johnson v. Jones, 4 Barb. 369; Woodbury Bank v. Ins. Co., 31 Conn. 517; Ins. Co. v. Kroegher, 83 Pa. 64.

We contend that the burden rested upon defendant in the trial of the case to show authority in the agent of the plaintiff, to make the promise alleged, before its nonfulfilment could in any event be made a defense. This was not done, nor was any offer of the same made: Wachter v. Phœnix Ins. Co., 132 Pa. 428; Sylvius v. Kosek, 117 Pa. 67.

One who contracts with the agent of another is bound at his peril to ascertain the agent's authority: Mechem on Agency, sec. 276.

If one dealing with an agent had knowledge of the agent's instructions, or notice sufficient to put him upon inquiry, he is bound by the instructions or limitations of the agent: Mechem on Agency, sec. 289; Rust v. Eaton, 24 Fed. Rep. 830.

The ninth assignment of error should be sustained because the testimony is not clear, precise and indubitable that the plaintiff was to furnish the stool and book, and if the testimony of McManigal and his wife were believed by the jury, that would still not fix liability upon the plaintiff for the promise of Montgomery: Ferguson v. Rafferty, 128 Pa. 337; Phillips v. Meily, 106 Pa. 536.

The testimony of McManigal being corroborated by the testimony of his wife alone is not sufficient to warrant the reformation of the written contract: Knowles v. Knowles, 86 Ill. 1; 17 Am. & Eng. Ency. of Law, 466.

*W. J. Forbes,* for appellee.—Verbal testimony is admissible to change, alter or reform a written contract: Walker v. France, 112 Pa. 203.

Everything said and done at the execution of the instrument is admissible: Spencer v. Colt, 89 Pa. 314.

False representations by a vendor made for the purpose of deceiving a vendee are binding upon the vendor: Addison on Contracts, 127.

And a false representation as to the meaning of the contract is binding upon the party making the false statements: Addison on Contracts, 129.

One who adopts a contract entered into without his authority or consent cannot ratify part of the contract which proves beneficial to him and reject the remainder: Jones v. Building and Loan Assn., 94 Pa. 215; Hunt v. Moore, 2 Pa. 105.

A principal who sues to enforce a contract is bound by the representations of his agent made to induce the opposite party to enter into it: Keough v. Leslie, 92 Pa. 424; Musser v. Hyde, 2 W. & S. 314.

The assignments of error in appellant's paper-book in this case, touching the law that "a principal is not bound by the acts of his agent, outside of the scope of his authority" are not at all applicable here for the reason that defendant is not seeking to enforce the contract but to rescind it.

OPINION BY ORLADY, J., November 21, 1898:

The defendant signed a printed contract, by the terms of which he was to pay to the plaintiff the sum of $110, in instalments of $5.00 per month, for " one C. C. organ, Style 905, No. 133843." At the time the contract was signed a controversy arose as to whether " a stool and book " were embraced in the word " organ," and on the refusal of plaintiff to deliver the stool and book the defendant declined to make any of the payments provided for in the contract, and suit was brought to recover eight instalments which were then alleged to be due.

In a prominent place on the face of the contract was printed the following, " No agent is authorized to make any written or verbal contract or promise other than written or printed on the face of this contract." Evidence was admitted, under objection, to show that at the time the contract was signed the agent of the plaintiff declared to the defendant that " The word organ itself means stool and book ready equipped, that organ would be of no use to you or any other person without a stool and book, and further than that, I will call your wife to witness that the word organ means stool and book, and I will take her to witness that I'll furnish it on 15th of November and when I come for my first pay I will bring the stool and book with me."

While there are ten assignments of error, in presenting them to this court the argument is not separated, and the admission of evidence which modified the written contract is the principal error alleged.

The husband and wife testified to the agent's declaration of the description of the property; but their testimony did not make a new or changed contract or promise that contradicted the writing; it was in explanation of the abbreviations and figures adopted by the organ company to identify the property. The contract was prepared in this special form by the organ company, and their agent was acting within the scope of his authority in explaining the abridged and condensed description adopted by his principal. Along with the necessary parts of many mechanisms, as organs, bicycles, agricultural implements and all such, are tools and appliances which pass by sale under the descriptive terms used to designate the whole equipment. In support of the offer it was urged that the alleged explanation was made at the very time the contract was signed; and

that without the assurance, as then given by the agent, that stool and book were included, it would not have been signed.

Where the parol stipulation is the inducing cause to the execution of the written instrument, the law is sufficiently flexible to give relief in this manner, if the evidence is of a perfectly clear and satisfactory character: Close v. Zell, 141 Pa. 390; Smith v. Harvey, 4 Pa. Superior Ct. 377. In the case before us the offer was sufficiently broad and was supported by ample testimony to establish the facts as urged by the defendant.

In view of the oral testimony, relating to, and necessary to be considered in connection with, the written evidence, there was no error in submitting the whole to the jury under proper instructions. When matters of fact, depending on oral testimony, are connected with, and necessary to, a proper understanding of the written evidence, the court is not bound to construe the latter as though it stood alone. An admixture of oral and written evidence draws the whole to the jury: Home B. & L. Asso. v. Kilpatrick, 140 Pa. 405. In the answer to the plaintiff's first point and in the general charge, the learned trial judge held that while the unauthorized acts of an agent, beyond the limit of his authority, do not bind his principal unless the principal subsequently ratifies and confirms them, yet the company, by bringing this suit, had confirmed the contract it sues upon. In Jones v. National B. & A., 94 Pa. 215, it is held that "whether the association was incorporated or unincorporated, whether the secretary was or was not authorized to make the representations, it is clear that the association cannot have the benefit of the security, and at the same time repudiate the contract by means of which they obtained it. No principle of law is better settled than that a man cannot reap the fruits of his agent's fraud. In Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495, the same judge held that "it matters little what were the powers of the agent who made the fraudulent representations by means of which the defendant was induced to take his policy, nor whether the agent himself believed them to be true. The company having accepted the policy, is affected with any fraud on the part of the person in obtaining it. In other words, it cannot repudiate the fraud and yet retain the benefit of the contract. It takes it cum onere. This is familiar law." Where a party adopts a contract which was entered

into without his authority, he must adopt it altogether. He cannot ratify that part which is beneficial to himself, and reject the remainder; he must take the benefit to be derived from the transaction cum onere. This doctrine is so reasonable, and so entirely just and right, in every aspect in which it may be considered, and it has been enforced by the courts with such frequency and in such a variety of circumstances, that its legal soundness cannot for a moment be called in question. The basis of liability for the act or declaration of an agent, is the fact that the principal has accepted the benefits of the agent's act or declaration; where that basis is made to appear by testimony the legal consequence is established: Wheeler & Wilson v. Aughey, 144 Pa. 398; Meyerhoff v. Daniels, 173 Pa. 555.

It is not necessary to trace the changes in the decisions in this state in regard to the competency of the wife as a witness for her husband, nor the effect to be given to her testimony when her evidence is received, as they are the result of statutory enactments which affect her relation to the parties and to the verdict. In Sower v. Weaver, 78 Pa. 443 (1875), it is assumed that husband and wife together amount to but one sufficient witness; this was followed in Bitner v. Boone, 128 Pa. 567 (1889), by excluding her evidence when her husband was incompetent; and in Yost v. Mensch, 141 Pa. 73 (1891), the question of whether her testimony should be considered as independent of her husband's was commented upon, but not decided. In Light v. Zeller, 144 Pa. 582 (1889), in an action of ejectment, brought in the name of the wife and husband for the use of the wife, the defendant's ninth point as follows—" that Reuben L. Light and wife being as but one witness, if the jury believe them, the testimony of another witness, or its equivalent, is necessary to have the weight and effect of two witnesses " was affirmed by the court below, and a judgment in favor of the plaintiffs was sustained by the Supreme Court in an opinion by the present Chief Justice in which he says, " all the evidence was properly for the consideration of the jury; and, having been fairly submitted to them, there appears to be no reason why their conclusions of fact, upon which the verdict must have been based, should not be accepted as correct." In Evans v. Evans, 155 Pa. 572, in a sheriff's interpleader to determine the ownership of personal property, the husband and wife were

permitted to testify, under objection, in support of the title of the wife, and each was held to be competent for that purpose, especially since the passage of the act of 1887. In the case before us the wife was called to testify in corroboration of her husband, and in support of his defense. While the old rule which prevents husband and wife testifying "against each other" is not relaxed by either statute or decision (Rowley v. McHugh, 66 Pa. 269, Pleasanton v. Nutt, 115 Pa. 266, Act of May 23, 1887, P. L. 158, sec. 5 (*c*), Johnson v. Watson, 157 Pa. 454), it is now settled that they can testify in favor of each other if no other objection than the fact of marriage be interposed.

The declarations of a husband made in the absence of his wife are not admissible against the wife: Leedom v. Leedom, 160 Pa. 273.

Under the decisions we do not see any reason why the evidence, when properly admitted, should not be considered by the jury as that of an independent witness.

The relation to her husband may influence her testimony to a greater or less degree, but her credibility, like that of a father, child or friend, is for the jury alone.

The judgment is affirmed.