## John H. Costello, Appellant, *v.* Sarah C. Costello.

191  379
29 SC 543

*Divorce — Evidence — Calling party as for cross-examination — Act of May 23, 1887, sec. 5, clause c.*

In a suit for divorce the respondent may call and interrogate the libel-lant as if upon cross-examination.

*Divorce—Adultery—Condonation.*

In a libel for divorce by a husband against his wife, where each party charges the other with adultery, and the respondent charges and produces testimony tending to show that her husband introduced her to lewd company, knowing it to be such, and that he condoned her offense by admitting her to conjugal embraces subsequent to the knowledge of her acts of adultery, the case is for the jury and a verdict for the respondent will be sustained.

*Evidence—Error—Assignments of error.*

Where a question is objected to, the objection sustained, and the jury is instructed to disregard the question, the asking of the question cannot be assigned for error.

*Trial—Attachment for witnesses.*

A party may offer in evidence an attachment for a witness as evidence that he had done his best to get the witness to the trial.

*Divorce—Evidence—Review.*

A verdict in favor of a wife on the trial of a libel for divorce by a husband will not be reversed because the wife is permitted to show that her husband had instituted suit against another man for alienating the affections of his wife, and had speedily abandoned it.

Argued May 3, 1898. Appeal, No. 402, Jan. T., 1897, by plaintiff, from judgment of C. P. Potter Co., June T., 1895, No. 133, on verdict for respondent. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Libel for divorce. Before OLMSTED, P. J.

From the record it appeared that on April 1, 1895, John H. Costello filed his petition in the court of common pleas of Potter county, praying for a divorce from his wife, Sarah C. Costello, on the grounds of adultery. The respondent appeared thereto by her attorneys; the pleadings included in addition to the petition a bill of particulars, an additional bill of particulars filed by the plaintiff, and an answer and bill of particulars filed by the defendant.

The defendant, in her answer, demanded trial of the issue before jury, and the issue submitted to the jury for trial under the pleadings included the questions of whether the defendant had committed adultery with the persons mentioned in the pleadings, whether plaintiff had condoned it, and whether the plaintiff had himself committed adultery, or been guilty of such conduct as would prevent him from procuring a divorce.

At the trial libellant was called as for cross-examination.

Plaintiff's counsel objected to his being called for cross-examination, as under the provisions of the several acts of assembly, he is not competent or compelled to testify on cross-examination under the act of assembly as a witness.

The Court: They are calling him as their witness to swear against himself. This is a proceeding against the wife, and the wife calls him as her witness to swear against himself and in her favor. The probabilities are this is a case which only the Supreme Court can settle. I think I will admit the evidence. It is better to err on that side.

Objection overruled, evidence admitted and exception sealed for the plaintiff. [1]

The following letter was offered in evidence:

"CAMDEN TANNERY.
               "COSTELLO, Pa., January 7, 1895.
"F. H. McDONALD,
      "Imperial Hotel, New York.

"Dear Sir: Yours of the 5th received. Just previous to receiving your message Saturday, had mailed check payment first two weeks' board at Majestic. Hardly believe, however, if Mrs. C. has already experienced so much difficulty at the hands of the management, she will stay, and now that the children are away from her, will afford her greater liberty, etc. At present writing, may be required to go to New York last of this or first of next week to arrange some business matters previous to my leaving February 1st, for Mexico. In your telegram you mention Mrs. C. expecting to go to Buffalo, and then here, but you omit to make further mention of such a move in your letter. Should she make such a move, desire to be informed by wire at once.

                    "Resp. yours,
                         "J. H. COSTELLO."

The Court: I should say that that letter was not competent, if we had not received so many prior to this, of the same character without objection. I think we will overrule the objection and let it in. Exception sealed for the plaintiff. [2]

Defendant offered the attachment for Helen Embody, a witness subpœnaed for defendant, and the return of the officer who

served it, as evidence of the fact that defendant's counsel have tried their best to get her here.

Objected to as incompetent and irrelevant.

The Court: I think it may be admitted. Exception sealed for the plaintiff. [3]

Defendant, under objection and exception, was permitted to prove by plaintiff that he brought suit against William Kench after May 31, 1892, for alienating the affections of his wife; that this suit was brought the next day after the occurrence and abandoned within three days afterwards. This for the purpose of showing that there was no serious intention of bringing said suit, it having been settled without any consideration. [4]

Verdict and judgment for defendant.

*Errors assigned* among others were (1–4) rulings on evidence, quoting the bill of exceptions.

*H. C. Dornan* and *John Ormerod*, for appellant.—There was error in permitting libellant to be called as for cross-examination: Bronson v. Bronson, 8 Phila. 261; King v. King, 2 Robt. Eccl. 153; Wells v. Bunnell, 160 Pa. 460.

The only circumstances under which evidence is admissible to prove that a party to a trial has attempted to procure the attendance of a witness, is where the evidence in the case casts a burden upon the party to call such witness, and his failure to do so or to show his inability, will create a legitimate inference of law or fact against him.

The institution of a suit cannot be proved by parol, but must be proved by the record: Wharton on Law of Evidence, sec. 63; Sherman v. Smith, 20 Ill. 350; Hughes v. Christy, 26 Tex. 230.

The discontinuance of an action must be proved by the record and cannot be proved by parol: Wharton on Law of Evidence, sec. 63; Sheldon v. Frink, 12 Pickering, 568; Otto v. Trump, 115 Pa. 425.

*Eugene Mullin*, of *Mullin & Seibert*, with him *William H. Baker* and *Peck & Stone*, for appellee.—In any civil proceeding, whether or not it be brought or defended by a person representing the interests of a deceased or lunatic assignor of anything

or contract in action, a party to the record, or a person for whose immediate benefit such proceeding is prosecuted or defended, or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination.

Connivance may be active or passive; a passive permitting of adultery as well as an active procuring of its commission. If the mind consents that is connivance: Yocum v. Yocum, 3 Dist. Rep. 615; Bishop on Marriage, Divorce and Separation, sec. 208.

OPINION BY MR. JUSTICE McCOLLUM, May 8, 1899:

This is a proceeding for a divorce from the bond of matrimony, and each party to it accuses the other of adultery. The respondent demanded and obtained a trial by jury which resulted in a verdict and judgment in her favor and an appeal by the libellant to this Court. The question raised by the first specification of error is whether the learned court below erred in permitting the respondent to call and interrogate the libellant as if on cross-examination. It is stoutly maintained by the learned counsel for the libellant that there is no warrant in our statutes for such a proceeding. Perhaps there is no precedent for it in a divorce case, but if there is none it does not follow that the proceeding is unlawful or unauthorized. A suit for a divorce is a civil proceeding, and if the respondent appears and defends either party may testify fully against the other: Act of May 23, 1887, sec. 5, clause *c.* In any civil proceeding a party to the record or a person for whose immediate benefit such proceeding is prosecuted or defended, or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination. See section 7 of the act referred to in the preceding sentence. It seems to us that the parties being qualified to testify fully against each other are clearly within the purview of section 7 of the act aforesaid. The libellant is demanding a dissolution of the marriage bond and the respondent is resisting it. Facts or circumstances relevant to the issue and within his knowledge may, if developed, defeat his purpose. In such case the concealment of them becomes essential to the success of his scheme, and he refrains

from testifying. They may not show or tend to show the commission by him of a crime. For instance, if they showed that he admitted the respondent "into conjugal society or embraces after he knew of the criminal facts" which are the alleged ground of his application for a divorce, they would not have criminated him but would have established a fact fatal to the further prosecution of his case. Moreover, the interest of the libellant is adverse to the interest of the respondent. They are obviously and certainly adverse parties in the proceeding prosecuted by the former and resisted by the latter.

In considering the other specifications of error we must not overlook the fact that in the libel and bill of particulars belonging to it the libellant charges the respondent with having had, subsequent to their marriage, illicit intercourse with nine men whose names are specified therein, and with divers other men unknown to him; and that in the answer and bill of particulars pertaining to it, the respondent charges the libellant with having had, since said marriage, illicit intercourse with twelve women whose names appear therein, and with divers other women unknown to her; that in addition to the charges made as above stated the respondent alleges that the libellant at divers times in the past ten years has introduced her into company to her unknown, "and thereby undertaken to expose her to lewd company, and known to him to be such at the time," and further that the libellant has had sexual intercourse with her in the months of January, February, March and May of 1895. If the respondent was found by the jury to be guilty of adultery, and either of the charges made against the libellant in her answer and bill of particulars was found by them to be true, the latter would prevail against the former and entitle the respondent to what she received, to wit: a verdict in her favor. That this is so, sufficiently appears in the 7th section of our act of March 13, 1815, 6 Sm. L. 288, which is as follows: "In any action or suit commenced in said court (the court of common pleas) for a divorce for the cause of adultery, if the defendant shall allege and prove that the plaintiff has been guilty of the like crime; or has admitted the defendant into conjugal society or embraces after he or she knew of the criminal fact; or that the said plaintiff (if the husband) allowed of the wife's prostitution, or received hire for them, or exposed his wife to lewd

company, whereby she became insnared to the crime aforesaid, it shall be a good defence and a perpetual bar against the same."

The testimony in the case is quite voluminous, and naturally so, in view of the number and nature of the many questions of fact to be determined by it. There is evidence in the case applicable to each of these questions, and upon it it was the duty of the jury to decide them. No complaint is made respecting the instructions to the jury.

The second specification of error relates to the admission of a letter from J. H. Costello to F. H. McDonald, dated January 7, 1895. We are not convinced that the learned court below erred in admitting it. On the contrary, it seems to us that the rejection of it would have constituted error. Many letters of the same character were previously admitted without objection from libellant's counsel. It is true that this fact does not amount to a demonstration that the letter of January 7, 1895, was relevant and competent. The relevancy and competency of the letter appeared in the relation of the parties to it and upon the face of it.

The third specification of error relates to the effort and failure of the respondent to secure the attendance of Helen Embody as a witness, and the fourth specification relates to the institution and speedy abandonment of a suit by Costello against Kench for alienating the affections of his wife. We do not discover in either of them any ground for reversing the judgment, nor do we find any error in the fifth specification. The sixth specification relates to the refusal of the court to grant a new trial, and the seventh to the action of the court in excusing two jurors, who were subpœnaed by the respondent, from sitting in the case. These specifications may be dismissed without comment. The eighth specification of error relates to certain questions put to the libellant by the respondent's counsel and promptly objected to by his counsel. The objection to each question was sustained by the court. The witness was not allowed to answer either of them, and the jury were instructed to disregard them. The matters embraced in the specification are not, therefore, cause for a reversal of the judgment. All the specifications are overruled.

Judgment affirmed.