## Guernsey v. Froude.

*Conditional delivery of lease—Question for jury.*

A voluntary delivery of a lease is as necessary a part of a transaction as is affixing of signatures to it, and whether, under all the evidence, it was delivered as the consummation of the contract or upon condition, is for the jury to decide.

*Evidence—Married woman as witness—Husband and wife as witnesses.*

A married woman is a competent witness, subject to the limitations mentioned in clauses *b* and *c* of section 5, of the Act of May 23, 1887, P. L. 158, hence, when husband and wife testify in favor of the opening of a judgment against one of them, their testimony is to be considered that of two interested witnesses.

*Attacking a judgment—Measure of proof—Charge of court.*

Where a woman seeks to be relieved from liability under a judgment in an issue which attacks its original foundations, the measure of proof should be clear and satisfactory; it must exclude reasonable suspicion, and for the court to charge that a fact must be established by the weight of the evidence is not equivalent to saying that it must be established by clear and satisfactory evidence.

Argued Jan. 12, 1900. Appeal, No. 55, Jan. T., 1900, by plaintiff, in suit of J. W. Guernsey against W. C. Froude and Mrs. Wm. Froude, from judgment of C. P. Lackawanna Co., March T., 1899, No. 72, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by ORLADY, J.

Assumpsit.　Before EDWARDS, P. J.

It appears from the record that this was an action based upon a lease for a piano.　The case turned on the fact of an alleged parol agreement entered into at the time of the execution and delivery of said lease.

The facts connected with the circumstance are sufficiently set out in the opinion of the court.

Plaintiff submitted among others the following points :

[1. Under all the evidence in the case, the verdict must be for the plaintiff.　*Answer :* This point is refused.] [1]

[8. That whatever conversation was had between Foote and Mr. and Mrs. Froude after the signing of the lease by the two defendants, with respect to an examination of the paper by· some third party, would not be material in this case, and could not affect the plaintiff's right to recover, if the jury believe that the lease had been signed and delivered to Mr. Foote before such conversation occurred.　*Answer :* If the delivery of the lease to Mr. Foote was not accompanied by a condition, the point is affirmed.] [6]

Defendants submitted among others the following points :

[2. That if the jury find from the evidence that before the lease was delivered to Foote, he agreed that the defendants might take counsel regarding its character, and if, thereupon, they were not satisfied, the deal should be declared off, and the paper was delivered on the faith of that agreement ; in that case the defendants had the right to reject the piano upon taking such counsel, if they were not satisfied with the lease.　*Answer :* This point is affirmed.] [7]

[The court admitted the evidence of W. C. Froude as to what took place between him and W. S. Foote at the time the lease was signed.] [2–4]

[The court also admitted testimony of Mrs. Froude.] [5]

The court charged the jury in part as follows :

[Remembering that the main fact in the case is the question whether the delivery of this lease to Mr. Guernsey, though Mr. Foote, was a conditional one, whether the defendants on account of that condition had the right to withdraw from the transaction ; remembering that is the main fact you are to decide, you must examine all the evidence in the case and see how it bears

upon the conclusion that you should arrive at as to the main question in dispute. Now, in arriving at a conclusion as to the matter of fact, you must consider the credibility of the witnesses. It is always for the jury to decide how much weight they will give to the testimony of any witness in the case, that is the reason that we say that the credibility of the witness is for the jury. You have a right to consider their appearance upon the stand, their disinterestedness or their showing of any interest in the case, the relation of the witnesses to the parties on the one side or the other, and the accuracy of their recollection when detailing facts that have happened some time ago. It is for you to decide how much weight and what merit you attach to the testimony of the witnesses; and you have a right to look through all the evidence in the case to find which witnesses are corroborated, or which witnesses are contradicted, or how far one or all of the witnesses are corroborated or contradicted by the other testimony in the case ; you must decide the case according to the fair weight and preponderance of the testimony, and the burden is upon the defendants in this case to satisfy you by the fair weight of the testimony, that their contention is correct. If you find that the contention of the defendant is correct, that this lease was delivered on the conditions that they have testified to, and that they had a right to withdraw from the agreement, and that they did not afterwards by their conduct ratify in any way the lease or sale, why then your verdict will be for the defendants. If they have failed to satisfy you of that contention, then your verdict will be for the plaintiff for the amount that I have already mentioned, and of which a statement will be sent out with you.] [9]

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1, 6) answers to plaintiff's first and eighth points, reciting points and answers. (2–5) Rulings on evidence, as indicated in the statement of facts. (7) Answer to defendants' second point, reciting point and answer. (8) In not adequately instructing the jury as to the measure of proof required, when the attempt is made to reform or vary a written instrument. (9) To a portion of the judge's charge, reciting same.

*A. A. Vosburg*, with him *Chas. W. Dawson* and *John F. Scragg*, for appellant.—Any statement made after the execution and delivery of the contract can hardly be said to have induced its execution: Boyd v. Breece, 3 Phila. 206.

The evidence was not of such a clear, precise and indubitable nature, as would warrant a chancellor in reforming this written instrument under seal.

This being the case, the appellant's first point should have been affirmed, and the case withdrawn from the jury.

The evidence to reform a writing, must be clear, precise and indubitable, such as would induce a chancellor to reform a written instrument: Murray v. R. R. Co., 103 Pa. 37; Sylvius v. Kosek, 117 Pa. 67.

The case of the appellee thus rested, from a legal point of view upon the testimony of one witness, and it is well settled that in order to reform a written instrument, there must be the evidence of two witnesses.

We cannot believe that the testimony of husband and wife is the testimony of two such witnesses as is contemplated by the law: ' Sower v. Weaver, 78 Pa. 443; Light v. Zeller, 144 Pa. 582; Thomas v. Loose, 114 Pa. 35; Jackson v. Backus, 114 Pa. 120.

But, assuming for the sake of argument, that our position on that point is not correct, still we certainly had the right to expect a statement from the court in the charge as to the kind of evidence required to reform a written instrument. Not a word is said as to the necessity for clear, precise and indubitable testimony. On the contrary the jury are simply told that the burden of proof is upon the defendant.

Nowhere in the charge is there anything to indicate to the jury that any stronger measure of proof was required than that placed by law upon the plaintiff in an ordinary case. Certainly this was not an adequate presentation of the case: Com. v. Goldberg, 4 Pa. Superior Ct. 142, citing Trust Co. v. P. & E. R. R. 177 Pa. 38, and Herrington v. Guernsey, 177 Pa. 175.

*E. C. Newcomb*, with him *R. L. Levy* and *A. N. Walker*, for appellee.

OPINION BY ORLADY, J., April 23, 1900:

The plaintiff, through a salesman, placed a piano in the home

of the defendants under such circumstances as to result in their executing a lease, which provided for its hire and ultimate purchase.    Under this lease a judgment for $350 was entered against them, and four days later the defendants presented their petition to the court of common pleas for a rule to open the judgment, etc.    After a hearing the rule was made absolute, and under an agreement of counsel an issue was framed, on the trial of which the principal contention was in regard to an alleged parol agreement, contemporaneously made, by which the lease was conditionally delivered to the plaintiff's agent.    After the lease had been formally signed, a controversy arose as to whether the judgment clause therein contemplated a general judgment against the two defendants, or, one that would be a special lien against the piano.    The husband and wife testified that it was distinctly understood that if a general judgment could be entered against them on the lease the sale would be declared off by the plaintiff, and that after submitting a copy of the lease to their counsel they were advised that a general judgment could be entered; whereupon, three days afterwards the husband notified the plaintiff that "they would not keep the piano."    This notice was soon followed by another of like import, and the second by one in writing to the same effect, in which the plaintiff was requested to remove the piano from their house.    The plaintiff contended that the delivery of the lease was not hampered with any condition, and claimed that the defendants had subsequently ratified it.    The plaintiff's eighth point (sixth assignment of error) was as follows: "That whatever conversation was had between Foote and Mr. and Mrs. Froude after the signing of the lease by the two defendants with respect to an examination of the paper by some third party, would not be material in the case, and could not affect the plaintiff's right to recover, if the jury believe that the lease had been signed and delivered to Mr. Foote before such conversation occurred;" and in answering the trial judge correctly said that, "if the delivery to Mr. Foote was not accompanied by a condition, the point is affirmed."

A voluntary delivery of a lease is as necessary a part of a transaction as is the affixing of signatures to it, and whether, under all the evidence, it was delivered as the consummation of the contract, or upon the condition asserted by the defend-

ants, was for the jury to decide. This was the turning point
of the case, and if the lease were to stand in abeyance until the
effect of the judgment clause could be ascertained its delivery
depended upon the decision of that question, thereby giving
the defendants an opportunity to withdraw from the contract,
providing it were found to be as it is now admitted: Reed v.
Breeden, 61 Pa. 460; Benedick v. Benedick, 187 Pa. 351.

A more serious question is presented by the ninth assign-
ment of error, which is as follows: " The learned court erred
in not giving the jury adequate instructions as to the measure.
of proof required in cases of this kind, to vary or reform a
written instrument." Among other instructions the court said,
" You must decide the case according to the fair weight and
preponderance of the testimony, and the burden of proof is
upon the defendants in this case to satisfy you by the fair weight
of their testimony that their contention is correct." The de-
fendants' case depended largely upon their own testimony, but
the appellant contends that this evidence should not be con-
sidered as that of two independent witnesses, as it amounted
to no more than the testimony of one witness. Formerly it
was held that the testimony of husband and wife was equiva-
lent to but that of one witness: Sower v. Weaver, 78 Pa. 443;
Bitner v. Boone, 128 Pa. 567; Yost v. Mensch, 141 Pa. 73.
While the old rule which prevents husband and wife testifying
" against each other" is not relaxed by either statute or decision
(Rowley v. McHugh, 66 Pa. 269, Pleasanton v. Nutt, 115 Pa.
266, Act of May 23, 1887, P. L. 158, sec. 5c, and Johnson v.
Watson, 157 Pa. 454), it is now settled that they can testify in
favor of each other if no other objection than the fact of mar-
riage be interposed. The relation of a husband may influence
her testimony to a greater or less degree, but her credibility,
like that of a father, child, or friend, is for the jury alone: Or-
gan Co. v. McManigal, 8 Pa. Superior Ct. 632. When compe-
tent to testify against each other the husband or wife may be
called as if on cross-examination by the adverse party: Cos-
tello v. Costello, 191 Pa. 379.

All doubt on the subject is answered by the 4th section of
the Act of May 23, 1887, P. L. 158, as follows: " . . . . nor
any other interest or policy of law, except as is provided in
section 5 of this act shall make any person incompetent as a

witness." A married woman is a competent witness, subject to the limitations mentioned in clauses *b* and *c* of section 5 of the act, and it would be trifling with legislative intent to construe the act to mean that though she is made competent as a witness her testimony shall not be considered as such. In this case the testimony of the husband and wife was to be considered by the jury as that of two interested witnesses.

The wife has at last attained to a separate existence on the witness stand, and her testimony must henceforth be treated as if it came from a person with a mind and will of her own, and not from a mere automaton without will or conscience, and wholly responsive to her husband's touch: Brenneman v. Rudy, 8 Pa. Dist. Rep. 68. See also Young v. Senft, 153 Pa. 352, and Poundstone v. Jones, 187 Pa. 289.

In the language quoted under the ninth assignment, the court erred in stating the measure of proof necessary to relieve a married woman from the effect of a judgment entered against her. When a married woman seeks to maintain her title to real estate against the assaults of her husband's creditors, she is required to adduce proof that is "clear and satisfactory, sufficient to repel all adverse presumption." "The evidence must be clear and satisfactory—clear and full proof—clear and unequivocal—it must exclude reasonable suspicion:" Tripner v. Abrahams, 47 Pa. 220; Earl v. Champion, 65 Pa. 191; Benson v. Maxwell, 105 Pa. 274; Duncan v. Sherman, 121 Pa. 520; Billington v. Sweeting, 172 Pa. 161; Rine v. Hall, 187 Pa. 264. In order to have a judgment against her opened, she is required to furnish the testimony of two witnesses, or of one witness and the equivalent of another: Oberly v. Oberly, 190 Pa. 341. In this case she aims at being entirely relieved from any liability under her judgment in an issue which attacks its original foundation. The measure of proof should not differ in one instance from the other.

" To instruct the jury that a fact must be established by the 'weight of the evidence' is not equivalent to saying that it must be established 'by clear and satisfactory evidence.' The latter implies a higher degree of proof than the former: Coyle v. Commonwealth, 100 Pa. 573; Commonwealth v. Gerade, 145 Pa. 289;" Taylor v. Paul, 6 Pa. Superior Ct. 496. The instruction of the learned trial judge that the "fair weight and

preponderance of the testimony " was sufficient did not meet the requirements of the decisions, for which reason the judgment must be reversed.

The court undertook to instruct the jury as to the measure and quality of proof required, consequently the plaintiff's neglect specifically to request the court to do so is not material; error may be assigned if the true rule was not given: Taylor v. Paul, supra. The defendants denied any subsequent ratification of the lease as vigorously as they affirmed its conditional delivery, but with the exception mentioned the case was fairly tried. The ninth assignment of error, so far as it applies to the part of the charge of the court quoted, is sustained. The other assignments are overruled, the judgment is reversed and a venire facias de novo awarded.