### JONES v. EDWARD B. SMITH & CO.

(Circuit Court, E. D. Pennsylvania. May 29, 1909.)

#### No. 25.

JUDGMENT (§ 199*)—NOTWITHSTANDING VERDICT—EFFECT OF EVIDENCE.

Where the question of the modification of a contract sued on depends upon written evidence and also upon conflicting parol testimony, the whole issue is one for the jury, and the court cannot enter judgment notwithstanding the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 367; Dec. Dig. § 199.*]

At Law. On motions by defendants for new trial and for judgment notwithstanding the verdict.

See, also, 158 Fed. 911.

Burr, Brown & Lloyd, for plaintiff.
Henry C. Boyer and Wm. A. Glasgow, Jr., for defendants.

J. B. McPHERSON, District Judge. As the question concerning the asserted modification of the contract of January 25, 1906, de-

pended not only upon certain writings, but also on the conflicting parol testimony of several witnesses, it is not easy to see how the court could possibly have declined to submit the whole matter to the jury. That tribunal has found that the modification was made, and, while it is probably true that such change may turn out to be disadvantageous to the defendants' interest, I do not understand that this consideration furnishes the court with a sufficient reason for refusing to uphold the verdict. If the dispute concerning the asserted change depended solely upon the letter of February 9, 1906, it would no doubt be my duty to construe it and decide upon its effect; but, as the dispute appears also in the parol testimony, it was necessary that all the evidence, written and parol, should be submitted to the jury, and judgment notwithstanding the verdict cannot now be entered. As was said by the Supreme Court of Pennsylvania in Home Building Ass'n v. Kilpatrick, 140 Pa. 405, 21 Atl. 397:

"When matters of fact depending upon oral testimony are connected with, and necessary to, a proper understanding of the written evidence, the court is not bound to construe the latter as though it stood alone. An admixture of oral and written evidence draws the whole to the jury." See, also, Chicago Organ Co. v. McManigal, 8 Pa. Super. Ct. 638.

A similar remark may be made concerning the disputed question whether the issue of $600,000 was a merely "temporary financial expedient"—to use Mr. Anderson's phrase—or was intended to determine formally the amount of the mortgage to be put upon the property. This also depended upon written as well as upon parol evidence, and I do not see how it could have been withdrawn from the jury. I do not regard the fact as controlling that the mortgage was not a first lien. The plaintiff was willing to accept the bonds, even although they were not secured by a first mortgage, and the defendants can hardly object that the plaintiff offered to waive the priority of the lien and to take the bonds as they stood.

The motions for a new trial and for judgment notwithstanding the verdict are refused, and to the refusal of the motion for judgment an exception is sealed.